FRANK B. PARKER V. A. DOBSON.

No. 15,468. (96 Pac. 472.)

SYLLABUS·BY THE COURT.

1. LIMITATION OF ACTIONS—*Commencement—Failure Otherwise than on the Merits.* The holder of a promissory note brought an action upon it in Franklin county, where one of the makers resided and was duly served. A summons was also sent to Shawnee county and duly served upon another maker, who resided there. The plaintiff believed in good faith that he had a valid cause of action against the local defendant, who was not joined for the mere purpose of obtaining jurisdiction over the other defendant. Pending further proceedings

the attorney for the defendants convinced the plaintiff that action against the one residing in Franklin county was barred by the statute of limitations, and the action was subsequently dismissed as to her by agreement. Then the Shawnee county defendant moved that the summons and service upon him be set aside, which was done, and the entire proceeding was dismissed. *Held*, that an action was commenced and that the plaintiff failed otherwise than upon the merits, within the meaning of section 23 of the civil code.

2. JURISDICTION—*Justice of the Peace—Amount in Controversy.* If in an action before a justice of the peace upon a promissory note the amount claimed in the bill of particulars do not exceed $300, the justice, or the district court upon appeal, may adjudicate the controversy, although the interest accruing before final judgment increase the amount due to more than $300; but whatever the balance found due may be the judgment can not exceed $300.

Error from Franklin district court; CHARLES A. SMART, judge. Opinion filed May 9, 1908. Modified.

*W. J. Costigan, Leonard S. Ferry,* and *Thomas F. Doran,* for plaintiff in error.

*George D. Rathbun,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued the defendant before a justice of the peace of Franklin county to recover upon a promissory note. The principal question was whether a former proceeding tolled the statute of limitations. Judgment was rendered for the plaintiff, and the defendant appealed. In the district court the following findings of fact and conclusions of law were returned:

## "FINDINGS OF FACT.

"(1) On January 2, 1899, N. D. Parker, Frank B. Parker and Mary L. Parker executed the note in suit. N. D. Parker was the principal, and Frank B. Parker and Mary L. Parker were sureties. This fact was known to the plaintiff. The payment of interest July 2, 1899, as also the payment of $2 August 2, 1899, was made by N. D. Parker, the principal, while the payment of March 10, 1900, of $80, was made by Frank B. Parker, the defendant in this action, in the manner

following: Shortly before March 10, 1900, as also on that day and since, Frank B. Parker was engaged in the life-insurance business. His brother, N. D. Parker, the principal on this note, informed him that he believed that A. Dobson, the plaintiff, would take a policy in his company, if he, Frank B., would permit Dobson to retain and credit upon his note his (Frank B.'s) commission. Whereupon Frank B. Parker solicited Mr. Dobson to accept a policy of life-insurance, and it was agreed. that $80, being the commission of Frank B. Parker as agent of the company, should be retained by Mr. Dobson and credited on this note, which was accordingly done.

"(2) On March 1, 1905, the plaintiff, A. Dobson, caused to be filed in the office of the clerk of the district court of this county his petition, wherein he was plaintiff, and Frank B. Parker, Mary L. Parker and N. D. Parker were the defendants, by which petition the plaintiff, A. Dobson, sought to recover judgment against the said three defendants upon the note in suit in the sum of $282.66, with interest. He caused a summons to be issued to the sheriff of Franklin county, Kansas, bearing date March 1, 1905, against Mary L. Parker, which summons was duly served upon her on March 2, 1905. At the same time he caused a summons to be issued by the clerk of the district court of this county to the sheriff of Shawnee county, Kansas, for Frank B. Parker, the defendant in this action, Shawnee county being then the residence of Frank B. Parker, which summons bore date of March 1, 1905, and was duly served upon Frank B. Parker in Shawnee county on March 3, 1905. The record does not disclose that any summons was issued for or served upon N. D. Parker.

"(3) At the time of the commencement of said action, being cause No. 7213 of the records of this court, Mr. Dobson knew that Mary L. Parker had made no payment on this note. He, however, believed in good faith that the payments made by N. D. and Frank B. Parker had the effect of tolling the statute of limitations, not only as to them but as to the defendant Mary L. Parker as well, and in that belief commenced said action No. 7213, and caused the defendant Mary L. Parker to be served in Franklin county and Frank B. Parker to be served in Shawnee county. After the commencement of said action the attorney of Mary L.

Parker v. Dobson.

Parker and Frank B. Parker called upon Mr. Dobson, in person, and advised him that the note sued on was barred by the statute of limitations, as against Mary L. Parker, as she had made no payment thereon, and that the payments made by Frank B. and N. D. Parker did not toll the statute of limitations as against Mary L. Whereupon, and on or about the 29th day of March, 1905, a stipulation was entered into between the plaintiff and Mary L. Parker that at the next term of the district court of Franklin county the cause should be dismissed, as against Mary L. Parker, which was accordingly done on April 3, 1905. On the same day Frank B. Parker, the defendant in that action and the defendant in this action, filed his motion in said cause to set aside the summons served upon him in Shawnee county, for the reason that he was a resident of Shawnee county, and that as no relief was now asked against his codefendant, Mary L. Parker, who was served in Franklin county, the cause should not be prosecuted against him, which motion was by the court sustained on the 3d day of April, 1905, and the action ordered dismissed as against Frank B. Parker, and the costs taxed against the plaintiff.

"(4) On June 5, 1905, this action was commenced by the plaintiff, A. Dobson, against the defendant, Frank B. Parker, in the court of a justice of the peace of this city, and Frank B. Parker was served with summons on that day in this county. A trial was had, and from the judgment rendered an appeal was taken to this court. The present action, being cause No. 7259, is upon the same note, and is the same cause of action upon which the former suit, cause No. 7213, was commenced by the plaintiff, A. Dobson, against Frank B. Parker and others on March 1, 1905."

"CONCLUSIONS OF LAW.

"(1) The proceedings had in cause No. 7213 of the records of this court were the commencement of an action, and a failure other than on the merits within the meaning of section 23 of the code, even though Mary L. Parker was neither a necessary nor a proper party defendant, the plaintiff having acted in good faith. Mary L. Parker was justly indebted to Mr. Dobson when that action was begun, even though she had a defense. The plea of the statute of limitations is a personal one, of which she might or might not avail herself. Had no

5—78 KAN.

defense been made, the judgment against both would have been binding.

. "(2)  The present action, having been commenced within one year after the dismissal of cause No. 7213, is not barred by any statute of limitations, and the plaintiff ought to recover the sum of $303.26."

Judgment was entered pursuant to the conclusions of law, and the defendant prosecutes error.  The substantial question is whether the proceedings in the first action disclose the commencement of an action and a failure of the plaintiff to recover otherwise than upon the merits.  Sections 20 and 23 of the civil code read as follow:

"An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him.  Where service by publication is proper, the action shall be deemed commenced at the date of the first publication.  An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this article when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

"If any action be commenced within due time and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

The district court has found that the plaintiff sued Mary L. Parker believing in good faith that he had an enforceable claim against her.  She was not a nominal party, joined merely for the purpose of obtaining service upon the defendant.  No fraud upon the jurisdiction of the court was intended or committed, and no wrong was done the defendant because of the manner in which the proceeding was instituted.

There is no finding that the bill of particulars dis-

Parker v. Dobson.

closed the fact that action against Mary L. Parker was barred, but the propriety of the proceeding would not be affected if it had done so. The fact that a right of action has become barred by lapse of time is a defense which must be actively urged in some proper way or it will be waived. The obligation of Mary L. Parker to pay the note remained, and still remains. The defense was personal to her. The defendant could not interpose it for her, and unless she chose to appear and claim the benefit of the statute judgment could rightfully be rendered against her.

A summons was issued against Mary L. Parker on March 1, and served upon her on March 2. On that date an action was commenced against the defendant, who was served the following day. If the case had taken the ordinary course—Mary L. Parker filing and establishing an answer setting up the statute of limitations and obtaining judgment on that ground—there would have been a judgment upon the merits. Yielding, however, to the persuasion of the defendant's attorney the plaintiff dismissed Mary L. Parker from the action. The foundation for the joinder of the defendant being thus removed, the service upon him was quashed and the entire proceeding was dismissed, so that the merits of the case were never reached. Therefore the plaintiff failed otherwise than upon the merits.

This case is distinguished by the fact that originally it was properly brought. The service upon both Mary L. Parker and the defendant was valid in all respects when made. It became insufficient to sustain further proceedings against the defendant only because of the plaintiff's conduct after the action had been commenced. That conduct did not change the fact that the action had been duly and legally commenced. It merely brought into existence a new factor in the relations of the parties, which authorized the court to abate proceedings which were perfectly unimpeachable until the new factor appeared.

The defendant argues that because Mary L. Parker

was dismissed from the action it should be presumed she was not a real party at the beginning and was joined merely for the purpose of obtaining service upon the defendant in Shawnee county, citing *Brenner v. Egly*, 23 Kan. 123. This presumption can not be indulged against the proved facts upon which the court's finding to the contrary rests.

It is said that when the court set aside the service upon the defendant it must have found that a fraud upon its jurisdiction had been attempted. Manifestly it was not essential that the court so find to warrant a dismissal as to the defendant; no facts existed authorizing such a finding, and as a matter of fact the court did not so find. The journal entry is printed in the counter-abstract, and it merely shows that the summons and the return were held to be irregular.

The case of *Smith v. Comm'rs of Bourbon Co.*, 43 Kan. 619, 620, 23 Pac. 642, is cited. The syllabus reads:

"Where a plaintiff has no right or cause of action against a defendant, and no claim, title or interest in the subject-matter stated in his petition, and brings his action in a court that has no jurisdiction of the defendant, and when he is in all respects a stranger to the defendant, the pendency of such an action will not entitle him to the saving provisions of section 23 of the civil code, although after the dismissal of his action he obtains such an interest in the subject-matter of the prior action as would entitle him to maintain an action thereon but for the statute of limitations."

The purpose of the legislature is to preserve to the plaintiff the right to pursue in a second suit a cause of action which he has once undertaken to enforce but which has been left undetermined by the first proceeding. Smith's second suit was the first one to involve the cause of action upon which it was based.

The case of *Insurance Co. v. Stoffels*, 48 Kan. 205, 29 Pac. 479, is referred to. An effort was made to collect an insurance policy which limited the time within which an action could be brought upon it. A petition

Parker v. Dobson.

and precipe were filed and a summons was issued and served.   Afterward the summons and service were set aside, without objection or exception, so that nothing remained toward the commencement of an action except the petition and precipe.   After the period limited for bringing suit had expired a new summons was issued; and of course the court held the action was commenced too late.

The case now under consideration is different in that prior to the time Mary L. Parker was dismissed the summons and service upon the defendant could not have been set aside.   Since the process was not irregular or defective in any respect when it was issued, and since it was regularly served, the defendant was in fact rightfully brought into court; and the action which thus had been properly commenced early in March remained duly pending until April 3, 1905.   Nothing which happened after valid service had actually been made could render that service non-existent.   The fact had occurred and the legal consequences had attached.   It makes no difference that the court treated the dismissal of the local party as a theoretical vitiation of the service upon the defendant.   The result was not to obliterate historical facts but to start a new train of events; not to render uncommenced an action which had been commenced but to afford ground for terminating, otherwise than upon the merits, an action which had been commenced.   This being the true analysis of the situation, it is not necessary to pursue the argument or to investigate the authorities further.

The bill of particulars was sufficient as a pleading before a justice of the peace.   The defendant suffered no substantial injury from any of the rulings upon the admission of evidence, and the findings of fact are not erroneous in the particulars pointed out.

The district court rendered judgment for $303.26. Its jurisdiction on appeal was subject to the same lim-

itation as that of the justice of the peace before whom the action originated.   The statute reads:

"When the balance claimed to be due on any open or unsettled account, or on any bill, note or bond, shall not exceed three hundred dollars, the party by whom such balance shall be claimed may commence his action therefor before a justice of the peace, who shall have power and he is hereby authorized to hear and determine the matters in controversy without regard to the amount of the original account or contract, and he may render judgment for any balance found due, not exceeding three hundred dollars."     (Justices' Civ. Code, § 3.)

The amount claimed was within the jurisdiction of the justice when the action was commenced.   This fact gave the court jurisdiction to adjudicate the controversy even although the accumulation of interest while the action was pending increased the amount due the plaintiff to more than $300.   But the judgment for any balance found to be due could not exceed $300.   In some states accruing interest is treated as a mere incident of the cause of action and has no more effect upon jurisdiction than costs.   But the carefully considered language of the statute quoted forbids that it be so interpreted.

The cause is remanded, with direction to the district court to modify its judgment by reducing the amount to $300 and costs.   The costs in this court will be taxed to the plaintiff in error.