RICHARD MERYWETHERS, *Appellee*, v. J. F. YOUMANS, *Appellant*.

No. 16,180.

SYLLABUS BY THE COURT.

1. JURISDICTION—*City Court of Wichita—Action for Recovery of Money Only.* In actions for the recovery of money only the jurisdiction of the city court of Wichita is fixed by the amount claimed and not by the amount of indebtedness.

2. —— *Limiting Claim to Jurisdictional. Amount—Abandonment of Remainder.* It is the privilege of a creditor to abandon or remit a part of his debt and thus bring it within the jurisdiction of the court, and when he limits his claim to an amount within the jurisdiction of the court he necessarily forgives so much of the debt as exceeds that amount.

3. CONTRACTS—*Express and Implied—Joinder of Causes of Action.* It is competent for the plaintiff to set up an express contract to pay specified wages for work done and also that the work was reasonably worth the amount claimed.

4. EVIDENCE—*Original Entries in Books of Account—Entries Made for One Unable to Read or Write.* Entries in the account book of the plaintiff, who could not read or write, made by another upon the plaintiff's dictation about the time the transactions entered were had, may be received in evidence when verified by the testimony of the persons making the entries and of the plaintiff that the items entered were correctly reported by him.

Appeal from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed December 11, 1909. Affirmed.

*John W. Adams,* and *George W. Adams,* for the appellant.

*Fred B. Stanley,* and *Claude C. Stanley,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an action brought by Richard Merywethers in the city court of Wichita against J. F. Youmans he alleged that he had been employed by You-

mans to care for and train horses at the specified wages of $40 per month and board; that he began work under the contract on May 30, 1905, and continued in the service until about May 25, 1907; and that the work done by him was reasonably worth $40 per month and board. There was a further averment that Youmans had made a number of payments on the claim, which did not exceed $150, and that he was still indebted to Merywethers in the sum of $600, for which the latter claimed judgment. Merywethers prevailed in the city court, and an appeal was taken by Youmans to the district court, where the jury found in favor of Merywethers, awarding his $600, with interest to the extent of $15, but Merywethers remitted the $15 allowed as interest and judgment for $600 was rendered.

There is a contention here that the court was without jurisdiction to try and decide the case for the reason that under the averments of the bill of particulars the amount in controversy was more than $800, while the jurisdiction of the city court in such cases is limited to $600, and, further, that the appeal gave the district court no other or greater jurisdiction than was possessed by the city court. Under the act creating the city court of Wichita it is given jurisdiction in cases for the recovery of money only where "the amount claimed does not exceed $600." (Laws 1899, ch. 130, § 2.) The jurisdiction, as will be observed, is fixed by the amount claimed, and not by the amount of indebtedness. No more than $600 was claimed by Merywethers in either the body or prayer of his bill of particulars. It was the privilege of Merywethers to abandon a part of the debt, and when he limited his demand or claim to $600 he necessarily remitted or forgave so much of the debt as exceeded that sum. (*Wooster v. McKinley,* 1 Kan. 317; *Wagstaff v. Challiss,* 31 Kan. 212; *Ball v. Biggam,* 43 Kan. 327; *Parker v. Dobson,* 78 Kan. 62.)

There was no error in admitting testimony showing the value of Merywethers's services. He pleaded an

express contract and also facts warranting a recovery on *quantum meruit,* and he offered proof tending to show an agreement to pay certain wages per month and also that the services rendered were reasonably worth that sum. This is permissible. (*Edwards v. Hartshorn,* 72 Kan. 19; *Berry v. Craig,* 76 Kan. 345; *Van Arsdale v. Foster,* 79 Kan. 669; *Wiley v. Locke,* ante, p. 143.)

The last complaint is of the admission in evidence of certain books and leaves containing accounts showing payments made by Youmans. These entries were made at the instance of Merywethers and upon reports or statements made by him. He was unable to read or write, and about the time of the payments he caused entries to be made by other persons in the book which he carried. The plan was for him to dictate the credits to his companions, who put them in a book and who in turn repeated or read the entries so made to Merywethers. The book and leaves containing these accounts were confirmed and verified by the testimony of the persons who made the entries, as well as by the testimony of Merywethers that the credits were correctly reported. These may be properly regarded as original entries, and when duly verified by the oaths of the persons making them were admissible in evidence. (*The State v. Stephenson,* 69 Kan. 405.)

The judgment of the district court is affirmed.