No. 19,131.

THE PONCA MILLING COMPANY, a Copartnership, etc.,. *Appellee,* v. F. D. STEVENS, *Appellant.*

SYLLABUS BY THE COURT.

JUDGMENT—*Obtained by Fraud—How Vacated—City Court Has no Jurisdiction to Enjoin Enforcement of Judgment of an. Oklahoma Court.* A judgment was obtained in a county court of Oklahoma against the defendant, who was served with summons but made default. A suit on this judgment was brought in the city court of Wichita, and a judgment taken thereon, from which the defendant appealed to the district court and answered setting up a claim of fraud in procuring the Oklahoma judgment, alleging that he owed the plaintiff nothing and praying that the plaintiff be enjoined from bringing any proceedings for the collection of such judgment, to which answer a demurrer was sustained. *Held,*. that the Oklahoma judgment is not void, but, aside from this, the city court had no power to grant the relief prayed for, and the district court. on appeal is equally powerless.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed April 10, 1915. Affirmed.

. *T. A. Noftzger, George Gardner, G. W. Cox,* all of Wichita, and *J. B. Larimer,* of Topeka, for the appellant.

*John W. Blood, George McGill,* and *R. C. McCormick,* all of Wichita, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from an order sustaining a demurrer to his answer to a bill of particulars setting out a judgment recovered by the plaintiff against the defendant in the county court of Kay county, Oklahoma. The defendant and the Tonkawa Milling Company were sued jointly in that court, but no service was had on the milling company, and the defendant defaulted, and the judgment was taken against him for $315.15 and costs, upon which judgment suit was brought in the city court of Wichita, and judgment rendered thereon, and the cause appealed to the district court, where an answer was filed denying that the judgment was ever rendered, alleging that a summons was served upon the defendant in an action pending in some court in Oklahoma in which the present plaintiff was plaintiff; that D. J. Donohue was a member and manager of the plaintiff partnership; that at the time the summons was served upon the defendant he and Donohue were contemplating a business trip to Washington; that the defendant talked with Donohue over the telephone and said that he could not take the trip because he had been served with a summons; that thereafter Donohue, for and on behalf of the plaintiff, agreed with the defendant that the cause should be continued; that subsequently the journey was made, during which the defendant explained to Donohue that he was not indebted to the plaintiff, and

Donohue "agreed that the said action would not be pushed as against this defendant, but that the same would be dismissed as to this defendant, and this defendant relied upon the said agreement made with said Donohue and paid no more attention to the said summons or the action in which the same had been issued." Further, that the defendant was not indebted to the plaintiff, and that but for the arrangement with Donohue he would have appeared in the action and made his defense, and shown and proved that he was not indebted to the plaintiff in any sum; that if the judgment set out was rendered in the action mentioned it was in violation of the agreement and the defendant was deterred from making his defense by reason of the promise and representations of Donohue, and "by reason of the facts set forth, such judgment, if it has been rendered, was obtained by the fraud and misrepresentations of the plaintiff as aforesaid." The defendant prayed judgment for costs and that the plaintiff be enjoined from bringing any proceedings for collection of the judgment, if any had been rendered, and for such other and further relief as might be just and proper.

It is asserted by the defendant that the answer stated a good defense. Assuming, without deciding, that it amounted to a direct attack upon the judgment, it is nevertheless apparent from the answer that the Oklahoma court issued a summons which was in fact served upon the defendant and that he made default, and it must be presumed that the court had full and complete jurisdiction to render the judgment which it did render.

It is also apparent that the fraud sought to be charged against the plaintiff partnership consisted of an agreement by its managing member first to continue the cause and later to have it dismissed. No time is mentioned when such dismissal was to take place or to which such continuance was to be had, and taking the allegations as strongly as their language will permit

they amount to a confession that the defendant paid no further attention to the cause in which he had been served with a summons, and now seeks to avoid liability because of the failure of the plaintiff's managing member to continue or dismiss. If this be fraud it is certainly not such as impairs the jurisdiction of the court, and hence the judgment is not void but is at most only voidable. (*Simpson v. Kimberlin,* 12 Kan. 579; *Carter v. Hyatt,* 76 Kan. 304, 308, 91 Pac. 61.)

The real situation is that of a judgment procured by the fraud of the prevailing party if it be conceded that. the conduct complained of amounted to fraud.

The civil code provides the method and means for vacating a judgment for fraud practiced by the suc-- cessful party in obtaining it, which is by petition veri-- fied by affidivit, filed in the court which rendered such judgment. (Civ. Code, §§ 596, 599; *Mulvaney v. Love- joy,* 37 Kan. 305, 15 Pac. 181; *Vail v. School District,* 86 Kan. 808, 122 Pac. 885; *The State v. Soffietti,* 90 Kan. 742, 136 Pac. 260.) When the attack is made by answer such pleading must contain all that would be required in a petition filed for that purpose. (*Simpson v. Kimberlin,* 12 Kan. 579, 589.) While probably the statutory method does not supersede a suit in equity in the proper court to enjoin the enforcement of a judgment procured by fraud which does not inhere in the judgment (*List v. Jockheck,* 45 Kan. 748, 27 Pac. 184; *Bleakley v. Barclay,* 75 Kan. 462, 469, 89 Pac. 906; *Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 735, 106 Pac. 1079), still the city court in which this action was brought has no power to vacate judgments or to enjoin their enforcement (*Shaw v. Rowland,* 32 Kan. 154, 4 Pac. 146; Laws 1899, ch. 130), and as the district court in trying the cause on appeal was sitting as a city court it had no jurisdiction to prevent the enforcement of the judgment by injunction (*Sanford v. Shepard,* 14 Kan. 228; *Stanley v. Farmers' Bank,* 17 Kan. 592; *Kuhuke v. Wright,* 22 Kan. 464; *Robbins v..*

*Sackett,* 23 Kan. 301; *Zeigler v. Osborn,* 23 Kan. 464; *Wagstaff v. Challiss,* 29 Kan. 505; *Wagstaff v. Challiss,* 31 Kan. 212, 1 Pac. 931; *Merywethers v. Youmans,* 81 Kan. 309, 105 Pac. 545; *The State v. Linderholm,* 84 Kan. 603, 114 Pac. 857). And likewise it was powerless to set the judgment aside. (*Shaw v. Rowland,* 32 Kan. 154, 157, 158, 4 Pac. 146.)

While this point was not presented by either party it is one vital to the appeal, as it goes to the jurisdiction of the trial court, and hence must be considered. It follows that many interesting questions argued orally and in the briefs are rendered academic and their decision becomes unnecessary.

The judgment is affirmed.