(725 P.2d 540)

No. 57,902

JOHN L. ARMSTRONG, *Appellee*, v. LOWELL H. LISTROM & COMPANY, INC., *Appellant*.

Opinion filed September 25, 1986.

*Mark A. Ward*, of Fort Scott, for appellant.

*Forrest E. Short*, of Short, Gentry & Bishop, of Fort Scott, for appellee.

Before DAVIS, P.J., SAM K. BRUNER, District Judge, assigned, and MARION W. CHIPMAN, District Judge, assigned.

DAVIS, J.: Plaintiff filed an action under the small claims procedure act, K.S.A. 61-2701 *et seq.*, and demanded judgment for $227.13 plus costs and interest. The small claims court granted plaintiff a judgment for $198.31 plus costs. Defendant then appealed to the district court, which tried the case de novo pursuant to K.S.A. 61-2709(a). The district court granted judgment to plaintiff for $1,445.48 and costs, including a $500 attorney fee. Defendant appeals.

We do not discuss the issues raised by defendant because the disposition of this case depends upon the resolution of an issue raised sua sponte by this court during oral argument. Whether a district court hearing a small claims appeal de novo can grant a plaintiff a judgment beyond the scope of small claims jurisdiction is an issue of first impression in Kansas. The provisions of the small claims procedure act do not expressly address the scope of the district court's jurisdiction in a de novo hearing of a small claims appeal.

We hold that a district court sitting as a small claims appellate court may not award the plaintiff a judgment beyond the scope of small claims jurisdiction. See K.S.A. 61-2703(a); L. 1986, ch. 224,

§ 1 (amending K.S.A. 61-2703 to increase a "small claim" from $500 to $1,000). Because the district court exceeded its authority as a small claims appellate court by awarding plaintiff an amount beyond the scope of small claims jurisdiction, we find the judgment void, set it aside, and remand the case for further proceedings consistent with this decision.

Our holding is based on the following: (1) the small claims procedure act provides that a plaintiff who pursues a small claim waives the right to recover any excess; (2) express language in the appeals section of the small claims procedure act, K.S.A. 61-2709(a), indicates that the legislature intended a district court reviewing a small claims judgment to assume appellate, not original, jurisdiction; and (3) interpretation of the act to permit a district court to retry the issues on appeal, but not to award an amount exceeding a small claim, renders the different provisions of the act consistent, harmonious, and sensible.

## I

Plaintiff, in a supplemental brief on this issue, concedes that on appeal from a small claims judgment the district court "has no subject matter jurisdiction, per se, in excess of the subject matter jurisdiction of the Small Claims Court," but argues that K.S.A. 61-2706(a)(3) permits a plaintiff to amend his or her pleadings and service of process upon appeal and to commence a new action under the code of civil procedure for limited actions. See K.S.A. 61-1603(a) (setting a $5,000 limit on the amount in controversy). K.S.A. 61-2706(a) provides as follows:

**Claims exceeding small claims in jurisdiction.** (a) Whenever a plaintiff demands judgment beyond the scope of the small claims jurisdiction of the court, the court shall either: (1) Dismiss the action without prejudice at the cost of the plaintiff; (2) allow the plaintiff to amend his or her pleadings and service of process to bring his or her demand for judgment within the scope of the court's small claims jurisdiction and thereby waive his or her right to recover any excess, assessing the costs accrued to the plaintiff; or (3) if the plaintiff's demand for judgment is within the scope of the court's general jurisdiction, allow the plaintiff to amend his or her pleadings and service of process so as to commence an action in such court in compliance with K.S.A. 61-1703, assessing costs accrued to the plaintiff."

See L. 1986, ch. 224, § 2.

K.S.A. 61-2706 deals with the commencement, not the appeal, of small claims. Under 61-2706(a)(3) a court may allow a plaintiff who files a small claims action, but demands judgment exceeding small claims jurisdiction, to amend his or her pleadings and

service of process and commence a limited action. If the plaintiff wishes to proceed with a small claims action, however, K.S.A. 61-2706(a)(2) clearly requires that he or she waive the right to recover any excess.

Although the waiver provision in K.S.A. 61-2706(a)(2) applies expressly to amended petitions, no reason exists to treat original small claims petitions differently. The plaintiff elects the procedure that governs the action. A plaintiff who files a small claims action and obtains a judgment cannot later file another suit against the defendant in the district court demanding a more lucrative award on the same claim. Similarly, a plaintiff who obtains a judgment in small claims court cannot later seek a judgment exceeding a small claim on appeal to the district court. *Cf. Merywethers v. Youmans,* 81 Kan. 309, Syl. ¶ 2, 105 Pac. 545 (1909) ("It is the privilege of a creditor to abandon or remit a part of his debt and thus bring it within the jurisdiction of the [city] court, and when he limits his claim to an amount within the jurisdiction of the court he necessarily forgives so much of the debt as exceeds that amount.").

The provision for de novo appeal in K.S.A. 61-2709(a) must be read in context of the waiver required by 61-2706(a)(2). By specifying that an appeal to the district court "shall be tried and determined de novo," 61-2709(a) authorizes the district court to decide the issues itself, including the issue of damages, without regard to the decision of the small claims court. After trial de novo, the district court may award plaintiff greater or lesser damages than granted by the small claims court. Because plaintiff has waived the right to damages exceeding a small claim, however, the district court may not award plaintiff an amount above what the small claims court could award.

We have considered the argument that a plaintiff, who files a small claim anticipating a simple and speedy trial without the cost of counsel, should not be bound by the jurisdictional limits on small claims if the defendant appeals and demands a full trial. We find this argument unpersuasive because K.S.A. 61-2709(a) requires the district court to award a successful appellee, "as part of the costs, reasonable attorneys' fees incurred by the appellee on appeal." See *Szoboszlay v. Glessner,* 233 Kan. 475, 481-85, 664 P.2d 1327 (1983); *Schuh v. Educational Reading Services of Kansas,* 6 Kan. App. 2d 100, 626 P.2d 1219 (1981).

## II

The language of K.S.A. 61-2709(a) expresses legislative intent that a district court reviewing a small claims action sit as an appellate court:

**K.S.A. 61-2709. Appeals.** (a) *An appeal may be taken from any judgment under the small claims procedure act.* All *appeals* shall be by *notice of appeal* specifying the party or parties taking the *appeal* and *the order, ruling, decision or judgment complained of* and shall be filed with the clerk of the district court within 10 days after entry of judgment. All *appeals* shall be tried and determined *de novo* before a district judge or associate district judge, other than the judge from which the *appeal* is taken. The provisions of K.S.A. 60-2001 and 61-1716, and amendments thereto, shall be applicable to actions *appealed* pursuant to this subsection. The *appealing* party shall cause notice of the *appeal* to be served upon all other parties to the action in accordance with the provisions of K.S.A. 60-205. An *appeal* shall be perfected upon the filing of the *notice of appeal.* When the *appeal* is perfected, the clerk of the court or the judge from which the *appeal* is taken shall refer the case to the administrative judge for assignment in accordance with this section. All proceedings for the enforcement of any judgment under the small claims procedure act shall be stayed during the time within which an *appeal* may be taken and during the pendency of an *appeal*, without the necessity of the *appellant* filing a supersedeas bond. If the *appellee* is successful on an *appeal* pursuant to this subsection, the court shall award to the *appellee*, as part of the costs, reasonable attorneys' fees incurred by the *appellee* on *appeal.*" (Emphasis added.)

We construe words and phrases according to the context in which they are used and give words in common use their natural and ordinary meaning. *In re Petition of City of Moran*, 238 Kan. 513, 519-20, 713 P.2d 451 (1986) (citing *Jackson v. City of Kansas City*, 235 Kan. 278, 319, 680 P.2d 877 [1984]). In natural and ordinary usage, "appeal" does not signify an original action, but a review of a lower court's decision by a higher court. The provision for appeal "from any judgment" and the requirement that the notice of appeal specify "the order, ruling, decision, or judgment complained of" supports our conclusion that the legislature used "appeal" in K.S.A. 61-2709(a) in its natural and ordinary sense.

In the absence of express legislative directive to the contrary, we interpret "appeal" in K.S.A. 61-2709(a) to refer to a review of the judgment of the small claims court, not to a new, original action in the district court. The provision for de novo review does not alter the appellate nature of the district court's authority, but rather specifies the procedure to be employed on appeal of a small claims judgment, directing the district court to make an

independent determination of the facts. The direction to hear a small claims appeal de novo does not expand the appellate jurisdiction of the district court, which extends no further than the subject matter jurisdiction of the small claims court. *Cf. McCracken v. Wright,* 159 Kan. 615, 618, 157 P.2d 814 (1945) ("It has been the settled law of this state for many years that a district court takes a case appealed from a justice of the peace with only the limited jurisdiction of the justice and does not acquire any original jurisdiction."); *Ohio Hydrate & S. Co. v. H.W. Underhill C. Co.,* 141 Kan. 213, 40 P.2d 337 (1935); *Parker v. Dobson,* 78 Kan. 62, 69-70, 96 Pac. 472 (1908); *Ball v. Biggam,* 43 Kan. 327, 23 Pac. 565 (1890); *Berroth v. McElvain,* 41 Kan. 269, 20 Pac. 850 (1889); *Wagstaff v. Challiss,* 31 Kan. 212, 1 Pac. 631 (1884).

## III

The legislature enacted the small claims procedure act "to provide a forum for the speedy trial of small claims." K.S.A. 61-2712. To further this purpose, it provided a summary procedure for the adjudication of small claims, denying litigants the rights to be represented by counsel prior to judgment and to a jury trial. K.S.A. 1985 Supp. 61-2707(a). To shield the act from constitutional challenge while preserving the summary nature of small claims proceedings, the legislature guaranteed litigants rights to counsel and to jury trial on de novo appeal to the district court. See K.S.A. 61-2709(a) (provision for jury trial in K.S.A. 61-1716 applicable to de novo appeals); *Windholz v. Willis,* 1 Kan. App. 2d 683, 573 P.2d 1100 (1977).

Our duty is to give effect to the entire small claims procedure act and to reconcile different provisions to make them consistent, harmonious, and sensible. *State v. Dubish,* 236 Kan. 848, 853, 696 P.2d 969 (1985) (citing *State v. Flummerfelt,* 235 Kan. 609, 612, 684 P.2d 363 [1984]). An interpretation of de novo that allows the district court to try and to determine a small claims action anew, but not to award a judgment beyond the jurisdiction of the small claims procedure act, fully protects the litigants' rights to counsel and to jury trial. Permitting the district court on appeal to grant a plaintiff a judgment exceeding a small claim would not provide any additional material protection for these rights. On the other hand, to hold that a plaintiff who has obtained a small claims judgment may amend his or her petition on appeal and bring a fresh limited action would nullify the

waiver principle of K.S.A. 61-2706(a)(2) and effectively deprive the defendant of the right to appeal provided in K.S.A. 61-2709(a). In addition, allowing a plaintiff to plead a limited action on appeal would undercut the purpose of the act to provide for the speedy trial of small claims.

Our holding that the small claims procedure act limits the district court's appellate jurisdiction to that of the small claims court respects the purpose of de novo review and, by construing the provisions of the act in a consistent, harmonious, and sensible manner, will facilitate the speedy trial of small claims.

## IV

By choosing to proceed under the small claims procedure act and by obtaining a judgment from the small claims court, plaintiff waived the right to recover any excess. By awarding plaintiff a judgment exceeding a small claim, the district court acted beyond its jurisdiction as a small claims appellate court. K.S.A. 1985 Supp. 61-2707(c) states that "[a]ny judgment entered under this act on a claim which is not a small claim, as defined in K.S.A. 61-2703 . . . , shall be void and unenforceble."

The district court's judgment is set aside and we remand the case for entry of judgment consistent with the provisions of the small claims procedure act and this opinion.

Vacated and remanded.