(735 P.2d 1108)

No. 59,748

BURTON D. COX, SR., D.O., *Appellee,* v. PETE BOHM, *Appellant.*

Opinion filed April 16, 1987.

*Dennis R. Davidson, Marvin E. Thompson,* and *Mark Arthur, Jr.,* of Thompson, Arthur & Davidson, of Russell, for appellant.

*Daniel D. Metz,* of Lincoln, for appellee.

Before PARKS, P.J., REES and DAVIS, JJ.

DAVIS, J.: The defendant, Pete Bohm, appeals from the district court's denial of a motion to quash orders of garnishment. The orders of garnishment were based upon a small claims judgment against Bohm in favor of Burton D. Cox, Sr.

Cox was granted a default judgment against Bohm in a small claims action. Bohm appealed to the district court. Neither party responded to the district court's notice that the case would be dismissed for lack of prosecution, and the court dismissed the case without prejudice.

Following dismissal of the appeal, the district court issued orders of garnishment on the small claims judgment at Cox's request. Bohm filed a motion to quash, contending that K.S.A. 1986 Supp. 61-2709 requires that a case appealed from small claims court begin anew (de novo) and that dismissal of the "new" case left Cox with no judgment to enforce.

The district court held that K.S.A. 61-2109 controlled and that, although the appeal had been dismissed, the original small claims judgment still provided a valid basis for the issuance of garnishment orders. We agree and affirm.

K.S.A. 61-2109 provides as follows:

"61-2109. Dismissal of appeal. If the appeal is dismissed by the judge hearing such appeal, the action shall be remanded to the judge from which such appeal was taken."

Bohm argues that K.S.A. 61-2109 is part of the code of civil procedure for limited actions and does not apply to actions brought under the small claims procedure act. He, however, has overlooked K.S.A. 61-2702, which provides that "[e]xcept as otherwise specifically provided or where a different or contrary provision is included in this [small claims procedure] act, the code of civil procedure for limited actions shall be applicable to the processing of small claims and judgments under this act." The small claims procedure act contains no specific provision dealing with the disposition of dismissed appeals and no provision that is different or contrary to 61-2109. Therefore, 61-2109 applies to small claims actions.

K.S.A. 61-2109 removes any doubt about the continued viability of a small claims judgment following dismissal of a de novo appeal. The Kansas Legislative Council, which drafted what became the code of civil procedure for limited actions, cited K.S.A. 61-1005 (Corrick) and K.S.A. 61-1008 (Corrick) as statutory sources for K.S.A. 61-2109. In a report to the legislature, the Council commented that 61-2109 "retains the justice code provision relating to the return of the case to the magistrate court when an appeal is dismissed." Report and Recommendations of the Kansas Legislative Council on Proposal No. 44—Proposed Code of Civil Procedure Before Courts of Limited Jurisdiction, Part II, December 16, 1968, p. 44.

K.S.A. 61-1005 (Corrick), repealed in 1970, stated that "[i]f the appeal [to the district court from the justice of the peace] be dismissed, the cause shall be remanded to the justice of the peace, to be thereafter proceeded in as if no appeal had been taken." (Emphasis added.)

K.S.A. 61-1008 (Corrick), also repealed in 1970, stated as follows:

"61-1008. Quashing for irregularities; proceedings. When an appeal taken to the district court shall there be quashed by reason of irregularity in taking or consummating the same, the cause for quashing shall be stated in the order of the court, and a transcript of such order shall be filed with such justice, who shall

*thereupon proceed to issue execution in the same manner as if no appeal had been taken."* (Emphasis added.)

See *K.C. Ft. S. & G. Rld. Co. v. Hammond*, 25 Kan. 208 (1881).

We have no hesitancy in concluding that the legislature enacted K.S.A. 61-2109 to ensure that dismissal of a de novo appeal to the district court would not affect the judgment entered by the magistrate, which would remain valid and enforceable "as if no appeal had been taken."

In a small claims appeal, the district court assumes appellate, not original, jurisdiction. *Armstrong v. Lowell H. Listrom & Co.*, 11 Kan. App. 2d 448, 725 P.2d 540 (1986). We held in *Armstrong* that "[t]he provision for de novo review does not alter the appellate nature of the district court's authority, but rather specifies the procedure to be employed on appeal of a small claims judgment, directing the district court to make an independent determination of the facts." *Armstrong* at 451-52. Dismissal by the district court was a dismissal of the appeal and left intact Cox's small claims judgment.

Affirmed.