614

(856 P.2d 951)
No. 68,998

CHARLES SHOLLENBERGER, *Appellant,* v. STANLEY R. SEASE, *Appellee.*

Opin-
ion filed July 30, 1993.

R. *Todd Wilhelmus,* of Mission, for appellant.

*Barry D. Martin* and *Melanie D. Busse,* of Hackler, Londerholm, Hinkle, Corder, Martin & Hackler, Chtd., of Olathe, for appellee.

Before BRAZIL, P.J., RULON and GREEN, JJ.

BRAZIL, J.: Charles Shollenberger filed suit in small claims court against Stanley Sease for nonpayment of fees; Sease counterclaimed for malpractice. The counterclaim exceeded the subject matter jurisdiction, so Sease reserved the right to bring an action for damages over $1,000. The small claims court entered a judgment in favor of Shollenberger, from which Sease appealed. On appeal, the district court awarded Sease $2,500 in damages for malpractice. Shollenberger appeals from the decision of the district court sitting as an appellate court for the small claims court, claiming the district court had no jurisdiction to enter a judgment against Shollenberger in an amount which exceeded the jurisdictional limit of the small claims court. We reverse and remand with directions.

Shollenberger contends the district court, sitting as an appellate court for the small claims court, had no jurisdiction to enter a $2,500 award in favor of Sease because it exceeds the $1,000 jurisdictional limit of the small claims court. See K.S.A. 1992 Supp. 61-2703. Sease counterclaimed for an amount that exceeded the small claims jurisdiction but reserved the right to bring an action for any amount in excess of $1,000 pursuant to K.S.A. 1992 Supp. 61-2706(b)(2), which reads:

"(b) Whenever a defendant asserts a claim beyond the scope of the court's small claims jurisdiction, but within the scope of the court's general jurisdiction, the court may determine the validity of defendant's, entire claim. If the court refuses to determine the entirety of any such claim, the court must allow the defendant to: . . . (2) make demand for judgment of that portion of the claim not exceeding $1,000, plus interest, costs and any damages awarded pursuant to K.S.A. 1992 Supp. 60-2610, and reserve the right to bring an action in a court of competent jurisdiction for any amount in excess thereof."

K.S.A. 1992 Supp. 61-2709 states appeals may be taken from any judgment under the Small Claims Procedure Act. However, that statute does not expressly address the scope of the district court's jurisdiction in a de novo hearing of a small claims appeal. One Kansas case is similar to the instant matter. *Armstrong v. Lowell H. Listrom & Co.*, 11 Kan. App. 2d 448, 725 P.2d 540 (1986), held that a district court sitting as a small claims appellate court may not award the plaintiff a judgment beyond the scope of small claims jurisdiction. 11 Kan. App. 2d 448. The court's holding was based on the following:

"(1) [T]he small claims procedure act provides that a plaintiff who pursues a small claim waives the right to recover any excess; (2) express language in the appeals section of the small claims procedure act, K.S.A. 61-2709(a), indicates that the legislature intended a district court reviewing a small claims judgment to assume appellate, not original, jurisdiction; and (3) interpretation of the act to permit a district court to retry the issues on appeal, but not to award an amount exceeding a small claim, renders the different provisions of the act consistent, harmonious, and sensible." 11 Kan. App. 2d at 449.

Furthermore,

"[t]he provision for de novo review does not alter the appellate nature of the district court's authority, but rather specifies the procedure to be employed on appeal of a small claims judgment, directing the district court to make an independent determination of the facts. The direction to hear a

small claims appeal de novo does not expand the appellate jurisdiction of the district court, which extends no further than the subject matter jurisdiction of the small claims court." 11 Kan. App. 2d at 451-52.

Although *Armstrong* dealt with a plaintiff who, on appeal to the district court, was awarded an amount beyond the scope of small claims jurisdiction, the analysis is applicable to the instant case.

The *Armstrong* court found that the express language of 61-2709(a) granted appellate jurisdiction to a district court reviewing a small claims judgment. 11 Kan. App. 2d at 449. This court also found that appeal was used in its natural and ordinary sense; therefore, appeal as used in 61-2709(a) referred to a review of the judgment of the small claims court, not an original action in the district court. 11 Kan. App. 2d at 451. Finally, treating an appeal in this manner renders the different provisions of the Small Claims Procedure Act "consistent, harmonious, and sensible." 11 Kan. App. 2d at 449.

In the instant case, following K.S.A. 1992 Supp. 61-2706(b)(2) and the reasoning in *Armstrong*, once the district court found for Sease, it should have awarded him $1,000 in damages. Because Sease has reserved the right to bring an action for damages in excess of $1,000, he can now file an action for the excess in district court.

Reversed and remanded with directions to enter judgment for Sease in the amount of $1,000, reserving Sease's right to bring an action in excess of $1,000.