(58 P.3d 112)
No. 88,598

GARY FROST, *Appellant,* v. JANIS COOK, *Appellee.*

Opinion filed November 22, 2002.

*Melissa R. Dugan,* legal intern, and *Stacey L. Cooper,* of Cooper Law Office, of Topeka, for the appellant.

*John H. Hutton,* of Wright, Henson, Somers, Sebelius, Clark & Baker, L.L.P., of Topeka, for the appellee.

Before RULON, C.J., BEIER, J., and BRAZIL, S.J.

BRAZIL, J.: Gary Frost appeals from the district court's dismissal of his cause of action for failure to state a claim against Cook. The cause of action originated in small claims court and was before the district court on appeal. Frost argues the trial court erred in dismissing his claim and in awarding costs to Cook.

We agree and reverse and remand with directions.

Frost lived at Landmark Plaza Apartments in Topeka. In March 2001, he discovered his bicycle was missing and at that time believed it had been stolen. Frost claims that in September 2001, he was told by a custodian that he had been instructed by the manager to cut the chain and move the bicycle outside the fence. Frost spoke to the new manager and inquired whether the complex would reimburse him for the loss of his bicycle. The new manager advised him there was nothing she could do for him.

Frost filed a petition in small claims court seeking reimbursement for his bicycle. Janis Cook, the alleged owner of the apartment complex, was the named defendant. The case was heard on November 2, 2001, in small claims court, at which time Cook did not appear, and a default judgment was entered in favor of Frost. Cook filed a timely notice of appeal to the district court.

Prior to trial at the district court, Frost filed a motion to dismiss. In the motion, Frost argued Cook failed to comply with the proper statutory provision governing the procedure for setting aside a default judgment; thus, the district court lacked subject matter jurisdiction to hear the appeal. The district court denied the motion.

At trial, Frost put on his case in chief. At the close of Frost's case, Cook moved the court for dismissal of Frost's claim. At that time, before presentation of evidence by Cook, the court sustained Cook's motion to dismiss on the basis Frost failed to establish what, if any, connection Cook had to the limited partnership that owned the apartment complex.

Frost was granted a default judgment because Cook failed to appear in small claims court. Cook then failed to file a motion to set aside the default judgment, opting instead to file a notice of appeal with the district court. On appeal to this court, Frost claims Cook's failure to file a motion to set aside the default judgment deprived the district court of jurisdiction to hear the appeal. In the alternative, Frost contends that even if the district court had jurisdiction to hear the appeal, it erred in dismissing the claim because Cook failed to prove any grounds existed for relief from judgment under K.S.A. 60-260. Cook argues the appeal to the district court was proper under K.S.A. 2001 Supp. 61-3301, and the district court, having de novo review of the matter, did not err in dismissing

Frost's claim due to Frost's failure to establish a prima facie case against Cook.

The issues in this appeal involve the interpretation and construction of statutes concerning small claims procedure and limited actions procedure. Interpretation of a statute is a question of law, and the appellate court's review is unlimited. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000). Likewise, to the extent a jurisdictional question has been implicated, this court's review is unlimited. *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000).

K.S.A. 61-2702, the provision of the Small Claims Act that spells out the correlation with the Code of Civil Procedure for Limited Actions, states:

"This act shall apply to and be an alternative procedure for the processing of small claims pursuant to the code of civil procedure for limited actions, and the provisions of this act shall be part of and supplemental to the code of civil procedure for limited actions, and any acts amendatory thereof or supplemental thereto. Except as otherwise specifically provided or where a different or contrary provision is included in this act, the code of civil procedure for limited actions shall be applicable to the processing of small claims and judgments under this act."

There is no provision pertaining to default judgments contained in the Small Claims Procedure Act. K.S.A. 2001 Supp. 61-3301, the default provision of the limited actions code, provides in relevant part:

"(a) The court may enter a default judgment in the following situations:

. . . .

(2) If a defendant fails to appear at the time set for a pretrial or trial hereunder, judgment may be entered against the defendant at the request of the plaintiff without further notice to the defendant.

. . . .

"(c) If a defendant seeks to set aside a default judgment for failure to appear at the time specified in the summons, the defendant shall file a motion not more than 10 days from the date of such judgment . . . . Any motion to set aside a default judgment, except for the time limits set forth above, shall be in accordance with the applicable provisions of subsection (b) of K.S.A. 60-260, and amendments thereto."

K.S.A. 2001 Supp. 61-2709, the appeal provision of the Small Claims Act, provides in relevant part:

"(a) An appeal may be taken from any judgment under the small claims procedure act. All appeals shall be by notice of appeal specifying the party or parties taking the appeal and the order, ruling, decision or judgment complained of and shall be filed with the clerk of the district court within 10 days after entry of judgment. All appeals shall be tried and determined *de novo* before a district judge, other than the judge from which the appeal is taken. . . . If the appellee is successful on an appeal pursuant to this subsection, the court shall award to the appellee, as part of the costs, reasonable attorney fees incurred by the appellee on appeal."

K.S.A. 2001 Supp. 61-2709 specifies that an appeal may be taken from *any* judgment under the Small Claims Procedure Act. K.S.A. 2001 Supp. 61-3301 specifies that if a defendant seeks to set aside a default judgment for failure to appear, the defendant *shall* file a motion not more than 10 days from the date of the default judgment. Herein lies the conflict.

Frost argues the failure of Cook to comply with the mandatory language in K.S.A. 2001 Supp. 61-3301 deprived the district court of jurisdiction to hear the appeal. Cook argues K.S.A. 2001 Supp. 61-2709, which specifically applies to small claims appeals, supercedes K.S.A. 2001 Supp. 61-3301, a limited actions statute, and allows an appeal from any judgment. In essence, Cook is claiming she did not seek to set aside the default judgment, and instead opted to appeal the decision of the small claims court.

We conclude that on this limited issue, the failure to file a motion for relief from judgment does not render the district court without jurisdiction to hear the appeal *when a timely notice of appeal has been filed with the district court*. This ruling, however, as will be illustrated in the second part of this issue, is academic to the ultimate outcome of this appeal.

K.S.A. 2001 Supp. 61-2709 provides that "[a]ll appeals shall be tried and determined *de novo* before a district judge." Here, Frost presented evidence and the district court dismissed the case at the close of Frost's case on the basis that Frost failed to establish what, if any, connection Cook had to the limited partnership that owned the apartment complex. On appeal, Frost contends the district

court only had authority to rule on the propriety of the default judgment rendered by the small claims court and exceeded its scope of review when it ruled on the merits of the case.

In *Armstrong v. Lowell H. Listrom & Co.*, 11 Kan. App. 2d 448, 725 P.2d 540 (1986), a panel of this court discussed the scope of review to be applied to appeals taken under K.S.A. 61-2709. There, the court stated:

> "In the absence of express legislative directive to the contrary, we interpret 'appeal' in K.S.A. 61-2709(a) to refer to a review of the judgment of the small claims court, not to a new, original action in the district court. The provision for *de novo* review does not alter the appellate nature of the district court's authority, but rather specifies the procedure to be employed on appeal of a small claims judgment, directing the district court to make an independent determination of the facts. The direction to hear a small claims appeal *de novo* does not expand the appellate jurisdiction of the district court, which extends no further than the subject matter jurisdiction of the small claims court. [Citations omitted.]" (Emphasis added.) *Armstrong*, 11 Kan. App. 2d at 452.

In the instant case, the small claims court granted a default judgment in favor of Frost because Cook failed to appear. Thus, the district court was limited to making an independent determination of whether the small claims court erred in granting the default judgment. The district court's authority did not extend to deciding the case on its merits. If it did, the purpose of the Small Claims Act would be frustrated. There would be no penalty for failing to appear in small claims court.

Cook's appeal to the district court was an appeal from the default judgment entered against her by the small claims court. Unfortunately for Cook, she did not file a motion to set aside the default judgment in accordance with K.S.A. 60-260(b), as set forth in K.S.A. 2001 Supp. 61-3301(c). Thus, the record was void of any reason why Cook should have been granted relief from judgment. There was no claim of excusable neglect, fraud, or a void judgment. Stated another way, there was nothing in the record for the district court to review. Had Cook filed a motion in accordance with K.S.A. 60-260(b), and the small claims court had still granted the default judgment, there would have been something of substance over which the district court could have conducted a de novo review.

In conclusion, there is no statute that specifies that a failure to file a motion to set aside a default judgment deprives the district court of jurisdiction to hear the appeal. However, the issue is really one of semantics. Although not jurisdictional, Cook's failure to file a motion to set aside a default judgment was still fatal to her appeal to the district court. It is hard to imagine a scenario where the defendant could prevail on appeal if that defendant failed to file a motion to set aside the default judgment in small claims court. If a defendant fails to file the motion, there is nothing in the record for the district court to review. Here, the district court exceeded its authority by conducting a trial and ruling on the merits.

Having reversed the district court, we therefore vacate the court's award of court costs to Cook. Further, K.S.A. 2001 Supp. 61-2709 provides that if an appellee (in this case, Frost) is successful on appeal to the district court, the court *shall* award to the appellee, as part of the costs, reasonable attorney fees incurred by the appellee on appeal.

We reverse and remand to the district court with directions to award costs and reasonable attorney fees to Frost.

Reversed and remanded with directions.