NOT DESIGNATED FOR PUBLICATION

No. 124,929

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT SIMMONS,
*Appellant*,

v.

GREG and LINDA ANDERSON,
*Appellees*.

MEMORANDUM OPINION

Appeal from Morris District Court; RYAN W. ROSAUER, judge. Opinion filed November 4, 2022. Appeal dismissed.

*Robert Simmons*, appellant pro se.

No appearance by appellees.

Before WARNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Robert Simmons appeals the district court's decision affirming a judgment from small-claims court. Representing himself, Simmons asserts that the district court erred in calculating his damages and failed to conduct a proper trial de novo on the damages assessment. We do not reach these questions, however, as we lack jurisdiction to consider this appeal. Because we cannot consider cases that exceed our statutory authority, we dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

Simmons and his wife bought property in Morris County from Greg and Linda Anderson in 2020. This property included about 389 feet of fencing that served as a corral to contain cattle or hogs. The fencing was composed of multiple heavy metal panels connected by separate stakes in the ground. The panels were several decades old but functional.

The Andersons hired a third party, Jim Moyer, to clean up the property and remove debris before Simmons took possession. Without the Simmons' or the Andersons' knowledge, Moyer mistakenly removed the metal panels and sold them to a third-party buyer for $210. Moyer thought he had sold the fencing for scrap, but the buyer apparently used it for other purposes. When the parties learned of this mistake, Greg Anderson contacted the buyer to try to get the panels back. But the buyer was unwilling to discuss the matter or sell back the panels.

Simmons then sued the Andersons in small-claims court, seeking to recover damages for the missing fence panels. The small-claims court ruled in Simmons' favor, finding that the Andersons owed Simmons compensation for the missing fence. The court determined that the panels were hog panels and, calculating the price based on the average price of new hog panels, awarded Simmons $741.50. Unsatisfied with this award, Simmons appealed to the district court. He filed his notice of appeal over a month after the small-claims court's judgment.

The district court held a trial de novo on Simmons' claims. Under Kansas law, a trial de novo is not a new case. Instead, the district court independently determines the facts but ultimately sits as an appellate court to review the small-claims judgment. The district court did so here. The parties both represented themselves, testified, and made arguments. They also admitted several exhibits, including photographs of the panels and

information about prices of new ones. And Simmons physically brought a left-behind piece of the corral into the courtroom for the district court to examine.

Simmons sought the cost of replacing the fence. He asserted the lowest price he could find for replacement panels was $10 per foot, which would cost about $3,900 for the 389 feet of fencing, not to mention transportation and installation costs. Greg Anderson thought Simmons should get the depreciated value of the panels, which he said Simmons was exaggerating.

After independently determining the facts, the district court found no error in the damages the small-claims court awarded Simmons. The district court ultimately found that, despite some uncertainty about the proper damages measure, awarding the value of the fence was appropriate. And based on the evidence before it, the district court adopted the magistrate judge's award of $741.50, finding that it fairly represented the fence's value.

Simmons moved to alter or amend the judgment, arguing the district court relied on improper damage calculations and impermissibly deferred to the small-claims court for its damages assessment. The district court held a hearing and denied Simmons' motion. The court explained that the evidence of the fence's value ranged between two amounts: the sale price for scrap and Simmons' testimony that getting comparable fencing would cost at least $3,900. The court did not find Simmons' valuation credible, which is not a finding that appellate courts—who were not present to hear the testimony or observe the witnesses' demeanor—can second-guess. *Board of Miami County Comm'rs v. Kanza Rail-Trails Conservancy, Inc.*, 292 Kan. 285, 325, 255 P.3d 1186 (2011). But the court agreed with Simmons that the fencing was worth more than the scrap price Moyer sold it for because the buyer was not using it for scrap. Thus, the court valued the fence between these figures and adopted the small-claims court's award: $741.50. The district court noted that although it was awarding the same amount as the small-claims

court, the district court had used its own independent evaluation of the facts to reach that number. Simmons appeals.

## DISCUSSION

Simmons challenges multiple aspects of the district court's decision, including its method of calculating damages and its decision to award the same amount as the small-claims court. The Andersons did not submit a response brief. As we indicated briefly at the outset of this opinion, we do not reach Simmons' arguments because this court has no jurisdiction over his appeal.

Courts must have jurisdiction over a case to hear and decide it. See *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009). The right to appeal in Kansas is not a vested or constitutional right; it is "strictly statutory in nature." *Johnson v. Brooks Plumbing*, 281 Kan. 1212, 1215, 135 P.3d 1203 (2006). So the legislature, through statutes, defines when and how a litigant may appeal a case. *Wiechman v. Huddleston*, 304 Kan. 80, Syl. ¶ 1, 370 P.3d 1194 (2016). Kansas statutes may set procedural requirements for appealing, limit appeals to certain types of cases, or even prohibit certain appeals altogether. See 304 Kan. 80, Syl. ¶ 1.

It is through these statutes that the legislature defines the contours of appellate jurisdiction—that is, the appellate court's authority to consider an appeal at all. See 304 Kan. 80, Syl. ¶ 1. Parties to a lawsuit cannot confer jurisdiction on courts by consenting to it, waiving any challenges, or failing to object. *Kingsley*, 288 Kan. at 395. Without jurisdiction, the appellate courts have no power to decide a case. See 288 Kan. at 395. In other words, we do not have "discretionary power to entertain appeals from all district court orders." *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 609-10, 244 P.3d 642 (2010). And because jurisdiction defines our ability to consider any part of a case, we

4

have an independent duty to determine whether it exists, even if the parties did not raise the issue. See *Stechschulte v. Jennings*, 297 Kan. 2, 29, 298 P.3d 1083 (2013).

Some of the procedural requirements the legislature imposes for appealing a case are jurisdictional, meaning that if the requirement is not met, then the appellate court has no authority to consider the appeal. In particular, the timing of initiating an appeal is jurisdictional—someone appealing a case must file a notice of appeal within the applicable time limit under Kansas law. *Albright v. State*, 292 Kan. 193, Syl. ¶ 1, 251 P.3d 52 (2011). "Generally, the failure to file a timely notice of appeal requires dismissal of the appeal." 292 Kan. 193, Syl. ¶ 1.

For appeals from small-claims courts, the legislature has stated that an appealing party has "14 days after entry of judgment" to file a notice of appeal with the district court clerk. K.S.A. 2021 Supp. 61-2709(a). If the party does not file the notice of appeal within this time frame, the district court lacks jurisdiction to review the small-claims judgment. See *Frost v. Cook*, 30 Kan. App. 2d 1270, 1273, 58 P.3d 112 (2002) (timely notice of appeal from small-claims court to district court is jurisdictional). And if the district court lacks jurisdiction over an appeal, so does the Court of Appeals. *Kingsley*, 288 Kan. at 395.

Applying these principles here, Simmons did not file his notice of appeal from the small-claims judgment within the required 14-day timeframe in K.S.A. 2021 Supp. 61-2709(a). The small-claims court filed its judgment on June 17, 2021. The court's order advised the parties they could appeal within 14 days and that any appeal "must be in writing filed with the [District] Court." But Simmons did not file his notice of appeal in district court until July 19, 2021—over a month after the small-claims court entered judgment and well past the 14-day time limit.

Even though Simmons appears to have *signed* the notice of appeal within the required time limit, the legislature specified that the notice of appeal "shall be *filed with the clerk of the district court* within 14 days after entry of judgment." (Emphasis added.) K.S.A. 2021 Supp. 61-2709(a). Thus, the date Simmons filed the notice of appeal determines whether it is valid—not the date he signed it or served it on the other party. And he did not file it within 14 days after the entry of judgment. As a result, Simmons did not meet a jurisdictional requirement that the legislature imposes on appeals from small-claims court to district court. Thus, the district court did not have jurisdiction to consider Simmons' initial appeal; we likewise have no power to hear this case or decide the issues raised and must dismiss the appeal.

We understand that the intricacies of appellate jurisdiction may be difficult for people who are not licensed attorneys to navigate. But our caselaw instructs that all people who practice in the courts are held to the same standards, whether they are attorneys or representing themselves pro se. See *Mangiaracina v. Gutierrez*, 11 Kan. App. 2d 594, 595-96, 730 P.2d 1109 (1986). And while it may be frustrating for the parties that this jurisdictional issue was not discovered earlier in the proceedings, the fact remains that we lack jurisdiction over the case. As we have indicated, we have no power to create exceptions to the contours of our authority set by the legislature. *Kansas Medical Mut. Ins. Co.*, 291 Kan. at 609-10.

Because Simmons did not file his notice of appeal within the period that Kansas law requires, the district court lacked jurisdiction over his small-claims appeal. And because the district court lacked jurisdiction, so does this court. The parties are bound by the small-claims court's finding that Simmons suffered $741.50 in damages.

Appeal dismissed.