No. 85,012

BABE HOUSER MOTOR CO., INC., *Appellant*, v.
DIANE TETREAULT, *Appellee*.

(14 P.3d 1149)

Opinion filed December 15, 2000.

*Donald R. Whitney*, of Payne & Jones, Chartered, of Overland Park, argued the cause and was on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

LARSON, J.: In this appeal we consider a first impression issue in Kansas of whether a corporation is required to appear by an attorney in a suit brought under the provisions of the Small Claims Procedure Act (Act), K.S.A. 61-2701 *et seq*.

Babe Houser Motor Co., Inc., (Houser) is a Kansas corporation conducting business as an automobile dealership. Houser sued Diane Tetreault in small claims court to recover unpaid repair charges of $172.21. The suit was filed by and Houser appeared through its president and full-time employee, C.R. Houser.

The small claims court dismissed the suit because Houser was not represented by or appeared through a duly licensed Kansas

attorney. In so holding, the court stated it relied on *Atchison Homeless Shelters, Inc. v. Atchison County*, 24 Kan. App. 2d 454, 946 P.2d 113, *rev.denied* 263 Kan. 885 (1997).

Houser appealed. The district court affirmed, concluding that since Houser was a corporation, and corporations may appear in court only by a licensed attorney, Houser was precluded from availing itself of the small claims forum because that forum does not contemplate attorney participation. Houser's appeal was dismissed.

Houser appealed. We have jurisdiction under K.S.A. 20-3018(c).

The right of corporations to sue and be sued is both constitutionally, Kan. Const., art. 12, § 6, and statutorily, K.S.A. 17-6102(2), mandated. Because corporations are statutory entities that can act only through directors, officers, employees, or agents, the longtime Kansas rule has been that a corporation may not appear in court by an agent who is not an attorney. *U.P. Railway Co. v. McCarty*, 8 Kan. 125, 131 (1871); *U.P.R.W. Co. v. Horney*, 5 Kan. 340, 347-48 (1870).

The Court of Appeals more recently applied this rule in *Atchison Homeless Shelters, Inc.*, 24 Kan. App.2d at 455. There, a corporation sought to appeal an order of the district court without the assistance of an attorney. The Court of Appeals dismissed the case, reasoning that Kansas follows the common-law rule that a corporation's appearance in court by an agent other than a licensed attorney is not proper since a corporation is an artificial entity without the right of self-representation. The court noted that the rule helps maintain a distinction between the corporation and its directors and employees.

Other courts have similarly justified this rule by requiring that persons trained and licensed to practice law and familiar with court procedures should be the only ones allowed to act as agents of a corporation in order to further the efficient administration of justice. *Oahu Plumbing & Sheet Metal v. Kona Constr.*, 60 Hawaii 372, 590 P.2d 570 (1979).

With this general background, we turn to the specific statutory scheme at issue in this case, the Small Claims Procedure Act. The Act was created by the Kansas Legislature in 1973. L. 1973, ch. 239. The Act embodies the legislative response to a perceived need

for a practicable and economic way in which parties may litigate small claims simply, without the benefit or expense of an attorney. See 1971 Reports and Recommendations to the 1972 Session of the Kansas Legislature, p. 496; Report on Kansas Legislative Interim Studies to the 1973 Legislature, Proposal No. 20. The Act was designed to foster simplicity of pleading and provide a forum for the speedy trial of small claims. K.S.A. 61-2705; K.S.A. 61-2712.

To this end, the legislature crafted a set of simplified rules to govern small claims. In small claims court, the court supplies the forms for the plaintiff's statement of claim and the defendant's claim if there is a counterclaim. K.S.A. 61-2713. No other pleadings are permitted; nor is discovery allowed. K.S.A. 61-2705; K.S.A. 1999 Supp. 61-2707(a). The trial is to the court. K.S.A. 1999 Supp. 61-2707(a). Each person is limited to filing no more than 10 small claims under the Act in the same court during any calendar year. K.S.A. 61-2704(b).

Further, no party may be represented by an attorney, except in limited circumstances. K.S.A. 1999 Supp. 61-2707(a). Such circumstances include those where a party representing him or herself is or was an attorney, or where the party's representative happens to be or was at one time an attorney. K.S.A. 61-2714(a). This provision was added to the Act in 1994 to address the problem of attorneys representing themselves against non-law-trained persons, or the situation where small claims courts allowed a corporation to avail itself of the small claims forum but insisted that it be represented by an attorney. See L. 1994, ch. 273, § 22; Att'y Gen. Op. 95-100 at 6-7.

The procedure has not otherwise changed significantly since 1973, except the statutory cap on the amount in controversy has been increased from $300 to the current amount of $1,800. K.S.A. 1999 Supp. 61-2703(a).

In the meantime, however, certain substantive portions of the Act came into question, namely those dealing with attorney representation. Some of those involved in the small claims process perceived a conflict between the common-law rule that corporations could not appear in court except when represented by an attorney, and the small claims statutes, which specifically included

corporations within the definition of "person," thus allowing them to file and pursue small claims without an attorney. K.S.A. 1999 Supp. 61-2703(b).

An aggrieved corporation persuaded a state senator to seek an Attorney General's Opinion in 1995 to help resolve the conflict. The Attorney General opined that the small claims statutes abrogated the common-law rule to allow corporations to appear in small claims court by a nonattorney agent. Att'y Gen. Op. 95-100. Even following this opinion, small claims courts apparently continued to issue varying rulings on the subject.

Business groups such as the Kansas Bankers Association, the Kansas Chamber of Commerce and Industry, Inc., and the National Federation of Independent Businesses then sought to resolve the conflict through the legislative process by supporting Senate Bill 97, which in essence sought to codify changes to the Act consistent with the conclusions contained in Att'y Gen. Op. 95-100. The principal opposition came from the Kansas Bar Association, which pointed to separation of powers concerns and argued that permitting nonlawyers to represent corporations in small claims court fostered the unauthorized practice of law. See Minutes of Senate Judicial Committee, February 4, 1999; Minutes of the House Judiciary Committee, March 10, 1999. Senate Bill 97 became law in 1999 and contained certain substantive changes to the Act. See L. 1999, ch. 145.

Prior to the 1999 amendments, the definition of small claims did *not* include assigned claims, claims obtained through subrogation, or

"(2) a claim based on an obligation or indebtedness allegedly owed to a person other than the person filing the claim, where the person filing the claim is not a full-time, salaried employee of the person to whom the obligation or indebtedness is allegedly owed." K.S.A. 61-2703(a)(2).

Subsection (2) was amended by L. 1999, ch. 145, § 1, to provide that a small claim does not include:

"(2) a claim based on an obligation or indebtedness allegedly owed to a person other than the person filing the claim, where the person filing the claim is not a *full-time employee or officer* of the person to whom the obligation or indebtedness is allegedly owed." (Emphasis added.) K.S.A. 1999 Supp. 61-2703(a)(2).

The definition of what is not a small claim was not the only provision altered by Senate Bill 97. Prior to the 1999 amendments, K.S.A. 61-2707(a) stated: "The trial of all actions shall be by the court, and no party in any such action shall be represented by an attorney prior to judgment." Subsection (a) was amended by L. 1999, ch. 145, § 2, to read as follows:

"The trial of all actions shall be *to* the court, and *except as provided in K.S.A. 61-2714, and amendments thereto,* no party in any such action shall be represented by an attorney prior to judgment. *A party may appear by a full-time employee or officer or any person in a representative capacity so long as such person is not an attorney.*" (Emphasis added.) K.S.A. 1999 Supp. 61-2707(a).

Houser contends that, under the plain language of the Small Claims Procedure Act, it is entitled to avail itself of the small claims forum and may do so without an attorney.

This appeal involves the interpretation of statutory provisions and as such presents questions of law over which our review is unlimited. *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). We are not bound by the lower courts' interpretation of the statute. *Smith v. Printup*, 262 Kan. 587, 604, 938 P.2d 1261 (1997).

The fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the legislature governs where that intent can be ascertained. *In re Marriage of Killman*, 264 Kan. 33, 42, 955 P.2d 1228 (1998). Effect must be given to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions to make them consistent, harmonious and sensible. *KPERS v. Reimer & Koger Assocs., Inc.*, 262 Kan. 635, 643-44, 941 P.2d 1321 (1997).

Houser suggests that the common-law rules regarding corporate representation are of the type that we have historically held may be abrogated or modified by statute. See K.S.A. 77-109; *City of Haven v. Gregg*, 244 Kan. 117, 122-23, 766 P.2d 143 (1988); *Board of Neosho County Comm'rs v. Central Air Conditioning Co., Inc.*, 235 Kan. 977, 981-82, 683 P.2d 1282 (1984). This is clearly what has been done by the legislature in this situation and we see no reason to disapprove.

That said, we consider the plain language of the statutes. K.S.A. 1999 Supp. 61-2707(a) states that a party may appear by a full-time employee or officer or any person in a representative capacity as long as that person is not an attorney. Houser contends that, because C.R. Houser is a full-time employee or officer of the corporation, he properly appeared in small claims court on behalf of the corporation. We agree.

Such a decision is consistent with the clear majority of other jurisdictions that have considered the issue. California, Colorado, Connecticut, District of Columbia, Georgia, Hawaii, Illinois, Indiana, Massachusetts, New York, and Pennsylvania have cases allowing appearances by nonattorneys on behalf of corporations in small claims proceedings, most being authorized by a specific statute or a court rule. See 8 Annot. A.L.R. 5th, Appearance-Nonattorneys 653, § 5(a), p. 689-92, and supplement thereto. Rhode Island and Utah have held to the contrary. See 8 Annot. A.L.R. 5th 653, § 5(b), p. 693-94.

The public policy of allowing corporations to appear without attorneys in small claims proceedings is well set forth in *Prudential Ins. Co. v. Small Claims Court*, 76 Cal. App. 2d 379, 173 P.2d 38 (1st Dist. Cal. App. 1946), which suggested that "justice should not be a rich man's luxury" and that "these cases are relatively of as great importance to those litigants as those heard in our highest courts, but the expense of employing an attorney and paying normal court costs is more that the cause will bear." 173 P.2d at 40. In response to the concerns that appearances of nonattorneys on behalf of corporations is necessary to protect the court *Matter of Holliday's Tax Services, Inc.*, 417 F. Supp. 182, 183 (E.D. N.Y. 1976), reasoned that: "A person's day in court is, however, more important than the convenience of the judges."

We also note that since 1986 a provision of the Kansas Administrative Procedure Act, K.S.A. 77-515(a), has without apparent great problems permitted participation by a duly authorized representative where a corporation or other artificial entity is involved.

We also point out that all litigants in small claims court are guaranteed the rights to counsel and to jury trial on de novo appeals to the district court. K.S.A. 1999 Supp. 61-2709(a); K.S.A. 61-1716;

*Windholz v. Willis,* 1 Kan. App. 2d 683, 573 P.2d 1100 (1977); *Armstrong v. Lowell H. Listrom & Co.,* 11 Kan. App. 2d 448, 452, 725 P.2d 540 (1986).

Further, our decision herein does not undermine the holding of *Atchison Homeless Shelters, Inc. v. Atchison County,* 24 Kan. App. 2d 454, 946 P.2d 113, *rev. denied* 263 Kan. 885 (1997), which did not involve a small claims proceeding.

During oral argument, a question from the court arose concerning the proper construction of the wording of K.S.A. 1999 Supp. 61-2707(a) that "a party may appear by a full-time employee or officer *or any person in a representative capacity*" and whether this language unduly expanded representation to include third parties not otherwise associated with the corporation. Houser's counsel, in response, pointed us to the definition section of K.S.A. 1999 Supp. 61-2703(a)(2), which severely limits the right of representation by providing that a small claim shall *not* include:

"a claim based on an obligation or indebtedness allegedly owed to a person other than the person filing the claim, *where the person filing the claim is not a full-time employee or officer* of the person to whom the obligation or indebtedness is allegedly owed." (Emphasis added.)

C.R. Houser clearly comes within the definition because of his status as a full-time employee and officer of the corporation. Further, we read the Act's inclusion of the "full-time" modifier in both K.S.A. 1999 Supp. 61-2703(a)(2) and K.S.A. 1999 Supp. 61-2707(a) as a prophylactic measure designed to ensure that only those who have an ongoing and substantial connection with a corporation will be permitted to represent it in small claims court. The legislature's inclusion of this limiting language means that unrelated third parties are not permitted to file or pursue small claims on behalf of corporations. We believe this interpretation balances the interests protected by the rule in *Atchison Homeless Shelters, Inc.,* 24 Kan. App. 2d 454, for district and appellate court proceedings, with the Act's interest in providing accessible, affordable justice to those whose claims are too small to merit attorney involvement.

Finally, our decision should in no manner be construed as an abandonment or limitation of our mandated control over the court system or the practice of law.

We limit our decision to the facts of this case, and hold both the small claims court and the district court erred in dismissing Houser's petition. It is proper for C.R. Houser, its full-time officer/employee, to appear on Houser's behalf in small claims court.

Reversed and remanded to the small claims court for further proceedings consistent with this opinion.

MCFARLAND, C.J., not participating.

CAROL A. BEIER, J. assigned.