(55 P.3d 364)

No. 86,917

STATE OF KANSAS, *Appellee,* v. DANIEL JAMES OSTER, *Appellant.*

Opinion filed October 11, 2002.

*Shawn Minihan,* assistant appellate defender, *Randall Hodgkinson,* deputy appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*Amanda Norris,* assistant county attorney, *Ellen Mitchell,* county attorney, and *Carla J. Stovall,* attorney general, for the appellee.

Before LEWIS, P.J., JOHNSON, J., and JACK L. BURR, District Judge, assigned.

LEWIS, J.: The defendant, Daniel James Oster, entered an *Alford* plea to a charge of attempted aggravated indecent liberties with a child. He was accordingly found guilty of that violation.

Defendant then filed a motion for probation. The motion was denied. Defendant was sentenced to 34 months of incarceration. The record indicates the trial court did not consider placement at Labette Correctional Conservation Camp (Labette) or a community intermediate sanction center (CISC). Defendant appealed his conviction and sentence.

In October 2001, pursuant to a joint motion of defendant and the State, we remanded the case to the trial court for the limited

purpose of hearing and making a decision on a motion to modify or correct sentence. On remand, the matter of defendant's sentence was again taken up by the trial court and resolved. Defendant renewed his motion for probation and reminded the trial court there needed to be more information on the record concerning placement at Labette. Defendant proposed that he be placed in the New Life Program in which he would receive 24-hour monitoring, as well as a sex offender class.

The trial court once again denied defendant's request for probation. On this occasion, the trial judge stated for the record that he had considered placement at Labette and had concluded that since defendant was convicted of a person felony, placement at Labette would be "inappropriate." The trial court specifically found that Labette was not the appropriate treatment for defendant given the facts of the case and reaffirmed its earlier sentence. After reaffirmation of the sentence, the matter is now back at this court on defendant's appeal of his sentence.

The only issue raised by defendant is that the trial court erred in failing to consider placement at a CISC.

This appeal will be resolved on our interpretation of K.S.A. 2001 Supp. 21-4603d(g). As a result, we have a plenary standard of review. See *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

K.S.A. 2001 Supp. 21-4603d(g) holds that prior to imposing sentence for a defendant who falls within a border box, the trial court "shall consider placement of the defendant in the Labette correctional conservation camp, conservation camps established by the secretary of corrections pursuant to K.S.A. 75-52,127, and amendments thereto, or a *community intermediate sanction center*."

As we read the statute, the trial court is required to consider placement in Labette, a conservation camp, *or* a CISC. The trial court explicitly considered Labette, and we conclude that, under the statute, it was not required to consider a CISC but that consideration of Labette in and of itself satisfied the language of the statute.

In addition, no one seems to be certain what a CISC is. No one seems to know whether one exists in the state of Kansas or, if it

exists, where it is located. It seems to us that under these circumstances, it would be impossible for the trial court to consider placement in a CISC, whose very existence and location is unknown.

We hold that under the circumstances, consideration of the CISC was not required and that the trial court satisfied the statute in question by considering Labette.

Affirmed.