CARPENTERS DISTRICT COUNCIL
OF KANSAS CITY PENSION
FUND, et al., Plaintiffs,

v.

JAMES INTERIORS, INC. Defendant,

and

U.S. General Contractors,
Inc., Garnishee.

No. CIV.A.03–221–CM.

United States District Court,
D. Kansas.

April 15, 2004.

David J. Barry, H & R Block, Michael G. Newbold, Arnold, Newbold, KS, Winter, Jackson and Jacoby, P.C., Kansas City, MO, for Plaintiffs.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

### I. Background

Plaintiffs filed an action against defendant in the Western District of Missouri for unpaid fringe benefits in violation of a collective bargaining agreement. On September 12, 2003, the court entered judgment against defendant for $27,781.57.

Plaintiffs registered their judgment in the District of Kansas on October 28, 2003. Plaintiffs then requested, and the court thereupon issued, orders of garnishment to three parties on January 16, 2004—including garnishee U.S. General Contractors, Inc. ("USGC"), a Kansas corporation—in an attempt to satisfy the judgment. USGC filed an answer to the garnishment on February 10, 2004. The answer was completed and signed by Leon Doyle, president of USGC. This matter is before the court on plaintiffs' Motion to Strike Garnishee's Answer (Doc. 15).

## II. Analysis

Plaintiffs move to strike USGC's answer because it was signed and submitted by Mr. Doyle. Plaintiffs assert that USGC's answer is improper because it was completed and signed by a corporate officer and not an attorney.

■ "Kansas follows the common-law rule that appearance in court of a corporation by an agent other than a licensed attorney is not proper since a corporation is an artificial entity without the right of self-representation." *Atchison Homeless Shelters, Inc., v. County of Atchison*, 24 Kan.App.2d 454, 455, 946 P.2d 113 (1997). However, this rule may be abrogated or modified by statute. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506–07, 14 P.3d 1149 (2000) (citing Kan. Stat. Ann. § 77–109 (2003)). In *Babe Houser*, the Kansas Supreme Court held that a non-attorney, full-time employee or officer may appear on a corporation's behalf in small claims court. *Id.* at 509, 14 P.3d 1149.

■ In the instant case, this court reviews the relevant Kansas garnishment statute to determine whether it provides another exception to the common law rule prohibiting corporate self-representation. The Kansas statute governing answers of garnishment (in cases of intangible property other than earnings) provides in relevant part:

(a) The answer of the garnishee shall be substantially in compliance with the forms set forth by the judicial council.
(b) ... [T]he garnishee shall complete the answer in accordance with the instructions accompanying the answer form stating the facts with respect to the demands of the order and file the completed answer with the clerk of the court.

Kan. Stat. Ann. § 60–736 (2003).

"The fundamental rule of statutory construction ... is that the intent of the legislature governs where that intent can be ascertained." *Babe Houser Motor Co.*, 270 Kan. at 506, 14 P.3d 1149 (citing *In re Marriage of Killman*, 264 Kan. 33, 42, 955 P.2d 1228 (1998)). On its face, the statute does not appear to create an exception to the common law rule that a corporation may appear only through licensed counsel, but the legislature's reliance on the Judicial Council forms and instructions provides insight as to whether the legislature in fact intended to allow non-attorney corporate officers to answer garnishment orders.

The instructions accompanying the garnishee answer form provide: *"You* must complete the Answer form which accompanies these instructions within 10 days after the garnishment order is served on you." Kansas Judicial Council, *Answer of Garnishee (nonearnings)* (emphasis added). Additionally, this form instructs the garnishee to "[s]ign and date the Answer form under penalty of perjury ... and file it with the clerk of the district court[.]" *Id.* These instructions indicate that the recipient—in this case, a corporation—should complete the form and return it to the court clerk. The instructions do not contain the word "attorney" or advise a corporate garnishee to obtain an attorney in order to file the answer. *See id.* The word "you" is used exclusively to refer to the garnishee, and the garnishee is instructed on the method of filing the answer. *See id.* The legislature's reliance on the Judicial Council forms demonstrates to this court its intent that garnishees themselves complete the answer and file it with the court without necessarily retaining an attorney.

Additionally, this court is reluctant to require that garnishees retain counsel in order to file an answer of garnishment. The garnishee, as a non-party to the underlying dispute, should not be unduly

burdened with expenses for litigation in which it is not otherwise a party. Requiring all corporate garnishees to obtain counsel before filing an answer of garnishment would force corporations to expend considerable expense and effort, where the ultimate goal is simply for garnishees to provide information about any debts owed the judgment debtor and to return the form to the court. Notably, plaintiffs oppose only USGC's answer of garnishment, but they do not object to two other corporations' answers that also were filed by non-attorneys in this case.

Accordingly, plaintiffs' motion to strike garnishee's entire answer is denied.

■ Plaintiffs also contend that USGC's answer is "improper in substance" because USGC "fail[s] to disclose whether or not Garnishee is indebted to [defendant]" and "makes improper demands on plaintiffs." (Reply Brief ¶ 5.) In fact, USGC's answer does indicate that USGC owes the defendant $5,864. USGC's demands for information from plaintiff, however, are not appropriate as part of the answer. Therefore, the last three sentences of the first paragraph of page two of USGC's answer are hereby stricken.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Strike Garnishee's Answer (Doc. 15) is granted in part and denied in part.