(102 P.3d 1165)

No. 91,721

PANKRATZ IMPLEMENT COMPANY, *Appellee*, v. CITIZENS
NATIONAL BANK, *Appellant*.

Opinion filed November 19, 2004.

*John K. Pearson* and *J. Scott Pohl*, of Hinkle Elkouri Law Firm, L.L.C., of Wichita, for appellant.

*John B. Swearer*, of Martindell, Swearer & Shaffer, LLP, of Hutchinson, for appellee.

*Mary Patricia Hesse*, of Redmond & Nazar, L.L.P., of Wichita, for *amicus curiae* Kansas Bankers Association.

Before RULON, C.J., KNUDSON, S.J., and WAHL, S.J.

RULON, C.J.: Citizens National Bank (Citizens) appeals the district court's order granting summary judgment in favor of Pankratz Implement Company (Pankratz), finding Pankratz' security interest had priority over Citizens' in spite of a spelling error in Pankratz' earlier filed financing statement. Because Citizens was unable to find the debtor's name utilizing the standard search logic as discussed in K.S.A. 2003 Supp. 84-9-506, we reverse.

The facts are uncontroverted. On March 18, 1998, Rodger House, an Isabel, Kansas, resident, purchased a tractor from Pankratz, a Hutchinson, Kansas, corporation. House executed a note and security agreement on the day of purchase in favor of Pankratz, which in turn assigned the note and collateral to Deere and Com-

pany (Deere). Deere filed the financing statement, commonly known as a UCC-1, on March 23, 1998, with the Kansas Secretary of State. House's name as debtor, however, was designated on the filing as "House, Roger."

On April 8, 1999, House executed a note and security agreement for a loan in favor of Citizens, a Kansas bank, in which he pledged all equipment owned and thereafter acquired as collateral. Citizens filed its financing statement with the correct name of the debtor, "House, Rodger."

House petitioned for bankruptcy on June 10, 2002. On July 1, 2002, Deere reassigned the House note and security agreement to Pankratz. On October 12, 2002, the federal bankruptcy court lifted the automatic stay entered pursuant to 11 U.S.C. § 362 (2000) to allow sale of the tractor for satisfaction of Pankratz' purchase money security interest. Pankratz filed suit in December 2002, seeking declaratory relief to determine whether Pankratz or Citizens had the prior perfected security interest.

Both parties moved for summary judgment. The district court granted summary judgment in favor of Pankratz as a matter of law because Pankratz perfected its security interest before Citizens perfected its interest. See K.S.A. 2003 Supp. 84-9-322 (priority rules). Citizens timely appealed.

Citizens argues "Roger" on Pankratz' financing statement renders it "seriously misleading" under K.S.A. 2003 Supp. 84-9-506, resulting in Citizens holding the only perfected security interest for the tractor or the proceeds from its sale. Ultimately, the only issue is whether the misspelling of Rodger on the earlier filed financing statement renders such financing statement ineffective.

"Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Bracken v. Dixon Industries, Inc.*, 272 Kan. 1272, 1274-75, 38 P.3d 679 (2002).

Resolution of this issue involves interpretation of the Uniform Commercial Code (UCC). Interpretation of a statute is a question of law and is reviewed de novo. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000). Additionally, in-

terpretations of K.A.R. 7-17-22 and K.A.R. 7-17-24 describing the searches available and their distinctions are warranted.

K.S.A. 2003 Supp. 84-9-506 states, in pertinent part:

"(a) **Effect of errors or omissions.** A financing statement substantially satisfying the requirements of this part is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading.

"(b) **Financing statement seriously misleading.** Except as otherwise provided in subsection (c), a financing statement that fails sufficiently to provide the name of the debtor in accordance with K.S.A. 2003 Supp. 84-9-503(a) and amendments thereto, is seriously misleading.

"(c) **Financing statement not seriously misleading.** If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with K.S.A. 2003 Supp. 84-9-503(a) and amendments thereto, the name provided does not make the financing statement seriously misleading."

This is a case of first impression in Kansas. On its face, to hold that a missing "d" in a debtor's first name renders a financing statement "seriously misleading" seems harsh. "As a general rule, statutes are construed to avoid unreasonable results." *In re M.R.*, 272 Kan. 1335, 1342, 38 P.3d 694 (2002). The spelling "Roger" instead of "Rodger" would appear to fall within K.S.A. 2003 Supp. 84-9-506(a) as a *minor error or omission*.

However, the inquiry becomes one of whether a reasonably diligent searcher would find the prior security interest. Citizens provided evidence that distinguished the "standard search logic," as noted in the statute, and the "temporary internet search logic" found at www.accesskansas.org. The temporary internet search logic is not synonymous with the standard search logic found in K.A.R. 7-17-22 or K.S.A. 2003 Supp. 84-9-506(c). The temporary internet search logic is provided for in K.A.R. 7-17-24:

"During the transition period of July 1, 2001 through June 30, 2006, public access to a database that produces search results beyond exact name matches may be provided by the secretary of state. The supplemental database shall not be considered part of the standard search logic and shall not constitute an official search by the secretary of state."

Furthermore, the database's disclaimer reads:

"Searches conducted on the internet are not official searches under Revised Article Nine of the Uniform Commercial Code. This search engine is intended to provide a more flexible search logic so as to identify UCC filings under the old law, which employed different name requirements. Therefore searches conducted on this page will not determine whether a name is seriously misleading under K.S.A. 84-9-506. If you want an official search using the correct and current search logic given in K.A.R. 7-17-22, contact the Kansas Secretary of State's Office at (785)296-4564."

The distinction between search logics came about on July 1, 2001, with the enactment of the revised UCC. Because the only searches that would have produced the Pankratz prior security interest for "Roger House" would have been completed on the temporary internet search logic, Citizens contends that by applying K.S.A. 2003 Supp. 84-9-506(b) and (c), the Pankratz financing statement is seriously misleading. We agree.

In *In re Kinderknecht*, 308 Bankr. 71 (B.A.P. 10th Cir. 2004), the bankruptcy appellate panel (BAP) reversed the bankruptcy court and held that Deere's use of the name "Terry J. Kinderknecht" on the financing statement instead of the debtor's legal name, Terrance Joseph Kinderknecht, made the financing statement seriously misleading and rendered it ineffective. 308 Bankr. at 76-77.

The BAP held that while the names "Terrance" and "Terry" are "closely aligned," it would set an unsatisfactory precedent to allow the use of nicknames in filing. 308 Bankr. at 76. The BAP supported its decision with four practical considerations:

"First, mandating the debtor's legal name sets a clear test so as to simplify the drafting of financing statements. Second, setting a clear test simplifies the parameters of UCC searches. Persons searching UCC filings will know that they need the debtor's legal name to conduct a search, they will not be penalized if they do not know that a debtor has a nickname, and they will not have to guess any number of nicknames that could exist to conduct a search. Third, requiring the debtor's legal name will avoid litigation as to the commonality or appropriateness of a debtor's nickname, and as to whether a reasonable searcher would have or should have known to use the name. Finally, obtaining a debtor's legal name is not difficult or burdensome for the creditor taking a secured interest in a debtor's property. Indeed, knowing the individual's legal name will assure the accuracy of any

search that creditor conducts prior to taking its secured interest in property." 308 Bankr. at 75-76.

In *Millenium Financial Services, LLC v. Thole*, 31 Kan. App. 2d 798, 805, 74 P.3d 57 (2003), this court discussed the minor error rule, citing *Pearson v. Salina Coffee House, Inc.*, 831 F.2d 1531, 1536 (10th Cir. 1987). The *Millenium* court stated minor errors are those that will result in the discovery of a financing statement while searching under the debtor's correct legal name. Hence, under this analysis, as in *In re Kinderknecht*, the omission of the letter in Rodger's name cannot be considered minor and Pankratz' financing statement is seriously misleading.

This rule places the burden on the filing creditor to list the debtor correctly so searching creditors are under no obligation to conduct multiple searches using variations of the debtor's name. See *In re Summit Staffing Polk County, Inc.*, 305 Bankr. 347, 352-56 (M.D. Fla. 2003) (noting "Revised Article 9 requires more accuracy in filings, and places less burden on the searcher to seek erroneous filings. The revisions to Article 9 remove some of the burden placed on searchers under the former law, and do not require multiple searches using variations on the debtor's name.") 305 Bankr. at 354.

An error on a financing statement that precludes discovery renders the financing statement ineffective if the searcher has utilized the standard search logic as discussed in K.S.A. 2003 Supp. 84-9-506.

K.S.A. 2003 Supp. 84-9-506 places the burden on the filing creditor to correctly list the debtor's name so potential searching creditors are under no obligation to conduct multiple searches using variations of the debtor's name.

The district court erred by failing to find Pankratz' financing statement seriously misleading. Summary judgment in favor of Pankratz is reversed and remanded with directions to enter judgment in favor of Citizens.