No. 122,515

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES KURT SCHAAKE,
Trustee of the Donald Dean Schaake Revocable Trust,
*Appellant*,

v.

CITY OF LAWRENCE, KANSAS,
*Appellee*.

SYLLABUS BY THE COURT

1.

If a party lacks standing to challenge an action or to request a particular type of relief, then there is no justifiable case or controversy and the suit must be dismissed.

2.

When a party who does not have standing to file suit nevertheless asks for relief, it is tantamount to a request for an advisory opinion. Advisory opinions are an executive, not a judicial, power.

3.

Generally, our statute provides that the trustee, rather than a beneficiary of the trust, is the proper party to sue or defend actions and claims affecting the trust. But this statute does not permit a nonlawyer trustee to represent the trust in a court of law. Doing so would constitute the unauthorized practice of law.

4.

Prohibiting the unauthorized practice of law protects the public. A party may be bound by his legal representative. When that representative is a licensed attorney the

1

public reasonably expects that the representative's character, knowledge, and training are equal to the responsibility. And if that expectation is not met, then remedies and sanctions are available against a lawyer that are not available against a nonlawyer, including misconduct sanctions and malpractice actions.

5.

A cotrustee who is not a lawyer generally cannot represent a trust in a Kansas court of law without engaging in the unauthorized practice of law.

6.

Because a trustee is the appropriate party to sue third parties on behalf of trust beneficiaries, beneficiaries generally lack standing to do so.

7.

A litigant who fails to show a personal right or interest at issue in the case lacks standing to proceed individually.

Appeal from Douglas District Court; AMY J. HANLEY, judge. Opinion filed May 7, 2021. Appeal dismissed.

*James Kurt Schaake*, appellant pro se.

*Randall F. Larkin*, *Toni Ramirez Wheeler*, and *Maria Kaminska Garcia*, of City of Lawrence, for appellee.

Before HILL, P.J., GARDNER, J. and BURGESS, S.J.

GARDNER, J:  James Kurt Schaake (Schaake) is one of three co-trustees and beneficiaries to the Donald Dean Schaake Revocable Trust, dated June 16, 2009 (Trust). The Trust owns two properties in Lawrence, and Schaake lives on one of them. In 2018,

the City of Lawrence (City) established two improvement districts along Queens Road where the Trust properties are located and approved a funding plan which required special taxes to be levied against properties owners.

Acting as trustee, Schaake hired a law firm to protect the Trust from the City's action. The firm filed suit alleging illegal taxation and moved for a temporary injunction. The district court denied that motion, but before the court considered the merits of the Trust's remaining claims, the district court granted the firm's motion to withdraw as counsel. Finding that the Trust's case could not proceed without legal counsel, the district court ordered Schaake to hire substitute counsel to represent the Trust. When Schaake failed to do so, the court dismissed the case with prejudice for failure to prosecute. Schaake now appeals, still acting pro se.

But Schaake shows no personal right or interest at issue in the case. And Schaake, acting pro se, cannot act as a co-trustee on behalf of the Trust without an attorney, and he lacks standing to appeal on behalf of the several beneficiaries. We thus dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

Donald Dean Schaake (Donald) created the Trust in 2009. The Trust property includes Schaake's residence—550 Queens Road—and an adjacent lot—590 Queens Road in Lawrence. The Trust named Schaake and his two brothers as co-trustees. After Donald died in 2014, legal and equitable title to the Trust transferred to Schaake and his brothers. So besides being co-trustees, Schaake and his two brothers became the Trust's sole beneficiaries. After brother Tom died, his property rights transferred to his successor, his only child.

3

In 2016, the City began to make a funding plan for improvements to Queens Road. As part of its financing plan, the City separated Queens Road into two improvement districts: (1) the Queens Road Improvement District (Street Improvement District); and (2) the West Sixth Street and Queens Road Signalization District (Signalization District). The Street Improvement District required reconstruction of Queens Road from West Sixth Street to Eisenhower Drive and included additions of or improvements to the street, curbs, and gutters, sidewalks, bike lanes, shared use paths, storm sewer, water mains, sanitary relocation, and a roundabout. The Signalization District would improve the West Sixth Street and Queens Road intersection, including adding a traffic signal. The City assigned each district a portion of the costs for the improvements. Unfortunately, the Trust property fell into both improvement districts.

In October 2018, the City adopted Resolution No. 7267, which officially established the boundaries of the two improvement districts. And that December, the City established the maximum cost to assess each improvement district and the amounts to levy against each property in those districts. For the Street Improvement District, the City would contribute $638,250 to the overall $4,830,760 cost and would assess the remaining $4,192,510 to 398 properties on a square-foot basis. For the Signalization District, the City would assess the entire $450,000 cost, also on a square-foot basis, to the 515 properties included.

Schaake, acting as a trustee, then hired a law firm to represent the Trust against the City. Its petition sought declaratory and injunctive relief, arguing that the City's establishment of the improvement districts and the special assessments were illegal. It also requested a restraining order and temporary injunction to prevent the City from assessing and levying the special taxes pending the resolution of the suit, but the district court denied that request, finding the Trust failed to show a substantial likelihood of success on the merits.

The City later moved for summary judgment. That same day, the firm representing the Trust moved to withdraw as counsel, citing reasons protected by attorney-client privilege. The district court conducted an ex parte in-camera discussion with counsel then granted the motion to withdraw for good cause shown.

The district court then scheduled a status conference. Although we do not have a transcript of that conference, the parties agree that Schaake appeared at the hearing without representation and told the district court he wanted to proceed pro se. Instead, the district court ordered the parties to brief whether pro se litigants have standing to represent a trust and advised Schaake to seek other counsel. The parties briefed the issue, but Schaake did not retain other counsel, stating he was unable to find any.

The district court held another status conference and, having read the briefs, found that Schaake could not prosecute the case pro se because a trust needs licensed legal representation. The court ordered Schaake to hire counsel within two weeks and warned him that if he failed to do so it would dismiss his case for lack of prosecution. When Schaake failed to retain counsel after two weeks, the City moved to dismiss Schaake's petition for a lack of prosecution, and the district court granted that motion. Still acting pro se, Schaake appeals that dismissal.

I.   SCHAAKE, AS A PRO SE TRUSTEE, LACKS STANDING TO SEEK JUDICIAL REVIEW ON THE TRUST'S BEHALF.

We first consider whether Schaake has standing to appeal. Resolution of that question involves the same analysis as whether the district court erred in finding that Schaake lacked standing to act in the district court on behalf of the Trust. The City argues that Schaake lacks standing because as a nonlawyer he cannot represent the Trust without engaging in the unauthorized practice of law.

5

Whether a trust must be represented in our courts by a licensed attorney is a question of first impression in Kansas.

*Standard of Review*

Parties in a judicial action must have standing as part of the Kansas case-or-controversy requirement imposed by the judicial power clause of Article 3, § 1 of the Kansas Constitution. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 895-96, 179 P.3d 366 (2008). Standing is a jurisdictional question which determines whether a litigant has a right to have a court determine the merits of the issues presented. See *Cochran v. Kansas Dept. of Agriculture*, 291 Kan. 898, 903, 249 P.3d 434 (2011). Whether a party has established standing to bring an action before a Kansas court is a question of law over which review is unlimited. See *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017).

Our Supreme Court has "explained that if a person does not have standing to challenge an action or to request a particular type of relief, then 'there is no justifiable case or controversy' and the suit must be dismissed." *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 750, 189 P.3d 494 (2008) (citing *Kansas Bar Ass'n v. Judges of the Third Judicial Dist.*, 270 Kan. 489, 490, 14 P.3d 1154 [2000]). "When a person who does not have standing to file suit nevertheless asks for relief, it is tantamount to a request for an advisory opinion. Advisory opinions are an executive, not a judicial, power." 286 Kan. at 750 (citing *Sebelius*, 285 Kan. at 885).

At the pleading stage, the party asserting standing has the burden to establish a prima facie case of standing, that is, a basis when viewed in the light most favorable to the party. See *In re Adoption of T.M.M.H.*, 307 Kan. 902, 915-16, 416 P.3d 999 (2018); *Aeroflex Wichita, Inc. v. Filardo*, 294 Kan. 258, 264-65, 275 P.3d 869 (2012). The determination of jurisdiction and standing rests on the facts in existence at the time

6

of filing. See *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 580, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004).

## II. SCHAAKE, AS A PRO SE TRUSTEE, CANNOT REPRESENT A TRUST IN KANSAS COURTS.

Kansas law is clear in that a party to a civil action may appear only pro se or through counsel. See *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022, 1033, 686 P.2d 171 (1984); *Atchison Homeless Shelters, Inc. v. Atchison County*, 24 Kan. App. 2d 454, 454-55, 946 P.2d 113 (1997); *Hickman v. Frerking*, 4 Kan. App. 2d 590, 592, 609 P.2d 682 (1980). There is good reason for this rule—to protect the public:

> "One of the many good reasons for distinguishing assistance and advice from representation is that a party may be bound, or his rights waived, by his legal representative. When that representative is a licensed attorney there are grounds for belief that the representative's character, knowledge and training are equal to the responsibility. In addition, remedies and sanctions are available against a lawyer that are not available against [a non-lawyer], including misconduct sanctions and malpractice actions." *O'Keefe*, 235 Kan. at 1033.

Based on that rationale, our Supreme Court has typically recognized only four categories of individuals who can appear in Kansas courts:

> "(1) members of the bar who have shown that they possess good moral character and the requisite general education, and who have been examined by the Board of Law Examiners and issued their licenses to practice law; (2) individuals who have graduated from an accredited law school and have a temporary permit to practice law; (3) legal interns, who are law students assigned to attorneys, agencies, and public bodies who have requested their service and who agree to assign members of the bar to supervise and be responsible for the activities of the legal intern; and (4) non-lawyers, who may represent only themselves and not others." *State ex rel. Stephan v. Adam*, 243 Kan. 619, 623, 760 P.2d 683 (1988).

7

Because Schaake does not claim to be a lawyer or otherwise permitted to practice law in Kansas, he falls within the fourth subsection above. As a nonlawyer, he is authorized to appear in a Kansas court when representing himself. He is not, however, permitted to represent "others." *State ex rel. Stephan*, 243 Kan. at 623. For reasons we explain below, Schaake cannot proceed as a pro se trustee because he is representing the interests of a trust, and by representing the Trust, Schaake represents another.

Schaake invites us to deviate from *Stephan* and similar cases and determine standing by using a four-factor test that he distilled from cases in other jurisdictions:

> "i) Whether applicable law enacted by the jurisdiction's legislature required representation by a licensed member of the bar; (ii) Whether the non-lawyer trustee provided evidence of trusteeship; (iii) Whether the non-lawyer trustee had a personal stake in the outcome; and, (iv) Whether the non-lawyer trustee was an original party to the action."

But we are not at liberty to ignore established Kansas precedent set by our Supreme Court, even if we are persuaded that another jurisdiction's law or policy may be better. We are duty-bound to follow our precedent. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

Schaake also contends that he is a trustee and K.S.A. 58a-816(24) specifically gives a trustee power to "prosecute or defend an action, claim or judicial proceeding in any jurisdiction to protect trust property and the trustee in the performance of the trustee's duties." We agree that this statute establishes that the trustee is the proper person to sue or be sued on behalf of the trust. But the statute does not vest a trustee with the authority to represent the trust in a Kansas court of law in lieu of a licensed attorney.

8

Since this court's 1997 decision in *Atchison Homeless Shelters, Inc.*, Kansas has followed the common-law rule that a corporation may not be represented in court by anyone other than a licensed attorney because a corporation is an "entity" that does not have the right to self-representation. That rule remains good law. Cf. *In re Arnold*, 274 Kan. 761, 770, 56 P.3d 259 (2002) (recognizing "longstanding rule in Kansas that a corporation may not appear in court by an agent who is not an attorney"); *Jarvis v. Wood*, No. 117,790, 2018 WL 5852581, at *13 (Kan. App. 2018) (unpublished opinion).

We have extended *Atchison*'s general rule to other contexts. See, e.g., *Carriker v. Richardson*, No. 101, 845, 2009 WL 3172829, at *6 (Kan. App. 2009) (unpublished opinion) (applying *Atchison* to bar grandfather's attempt to represent a mother in a child custody proceeding); *In re Guardianship & Conservatorship of Lynn*, No. 91,688, 2004 WL 2659128, at *1 (Kan. App. 2004) (unpublished opinion) (applying *Atchison* to prevent son from representing his mother on appeal because he failed to allege his own injury and was not licensed to practice law). We have consistently applied the rule that the only individuals who may appear in Kansas courts are licensed attorneys, law school graduates with temporary permits, legal interns supervised by licensed attorneys, and nonlawyers representing themselves and not others.

Some exceptions to that rule exist. Our Supreme Court explained that the rule requiring a corporation to be represented by an attorney in a court of law may be abrogated or modified by statute. Accordingly, our Legislature has changed a few statutes to permit nonlawyers to take limited acts in some courts. See, e.g., *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506-07, 14 P.3d 1149 (2000) (finding K.S.A. 77-109 and K.S.A. 1999 Supp. 61-2707(a) allow nonlawyer representation in small claims court); *Carpenters Dist. Council of Kansas City Pension Fund v. James Interiors, Inc.*, 338 F. Supp. 2d 1223, 1224 (D. Kan. 2004) (finding K.S.A. 60-736 permits nonlawyer corporate garnishees to answer a garnishment order). But no statutory exception applies to Schaake's situation.

9

*We apply the general rule.*

We apply *Atchison*'s general rule here. We have previously referred to a trust as an "artificial entity" See *In re Tax Appeal of Lyerla*, 50 Kan. App. 2d 1012, 1014, 336 P.3d 882 (2014) (likening a trust to a corporation, defining each as an "artificial entity"). But we need not decide whether a trust is a separate legal entity, like a corporation, or rather a fiduciary relationship that acts solely through the trustee. Compare *Lee v. Catron*, 145 N.M. 573, 573-74, 203 P.3d 104 (2008) (finding trust is not a legal entity), citing *Loring: A Trustee's Handbook* 13 (2006 ed.), with *United States v. Cram*, 1998 WL 919871, at *5-7 [D. Utah 1998] (unpublished opinion) (finding "[a] trust is an artificial entity created by law, whether common or statutory, and as such cannot appear in court pro se as a natural person"). The parties have not addressed that particular issue and it matters not.

What does matter is that Schaake, by representing the Trust as a cotrustee, is representing "another." The Kansas Uniform Trust Code (KUTC), K.S.A. 58a-101 et seq, reflects the basic premise that a trust is separate from the trustee and from other individuals. The statutory and practical distinctions between the settlor, the trustee, the beneficiary, and the trust are important, so we decline Schaake's invitation to blur their lines.

Under our trust statutes, the trustee "shall administer the trust in good faith, in accordance with its terms and purposes and the interests of the beneficiaries." K.S.A. 58a-801. In fact, the trustee shall administer the trust "solely in the interests of the beneficiaries." K.S.A. 58a-802. Thus, a trustee is acting in the interests of others who are beneficiaries of the trust property, managing the trust properties for their benefit. So when Schaake acts for the Trust, he acts for others, not for himself. Yet a person who is not a licensed attorney generally cannot represent others in a Kansas court. *State ex rel. Stephan*, 243 Kan. at 623. A trust, like a corporation, is separate from the person or

10

persons administering it and has neither the right to self-representation nor the ability to represent itself. Under the circumstances shown here, the Trust must be represented by a licensed attorney. Although we understand Schaake's dilemma in not being able to find an attorney to continue his case, we cannot permit him to engage in the unauthorized practice of law.

*We Find Support from Other Jurisdictions*

This result is consistent with other jurisdictions that have found a non-lawyer trustee may not represent a trust in a court of law. Their cases offer persuasive authority that non-lawyer trustees lack standing to raise a claim on a trust's behalf. See, e.g., *Application for Water Rights of Town of Minturn*, 359 P.3d 29, 32 (Colo. 2015); *Mayer v. Lindenwood Female College*, 453 S.W.3d 307, 315 (Mo. App. 2014); *Elm Children's Educational Trust v. Wells Fargo Bank, N.A.*, 468 S.W.3d 529, 533 (Tenn. App. 2014). Cf. *J.J. Rissell, Allentown, PA Trust v. Marchelos*, 976 F.3d 1233, 1236 (11th Cir. 2020) ("When an appeal is taken on behalf of an artificial entity by someone without legal authority to do so, the appeal should be dismissed.").

Both parties cite *Back Acres Pure Trust v. Fahnlander*, 233 Neb. 28, 443 N.W.2d 604 (1989). Schaake argues that this case clearly distinguishes between corporations and trusts when considering trust claims. But *Back Acres* does not help Schaake—it finds that a trustee acting pro se in courts of the state would be representing interests of others and would therefore be engaged in the unauthorized practice of law:

> "It is true that, as a general rule, a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of such trust. However, we agree with the holding of the Supreme Court of Hawaii that a trustee's duties in connection with his or her office do not include the right to present argument pro se in courts of the state, because in this capacity such trustee would be representing interests of others and would

11

therefore be engaged in the unauthorized practice of law. [Citations omitted.]" 233 Neb. at 29.

Still, this case does not hurt Schaake much either—its nonlawyer appellant was not shown to be either a trustee or a beneficiary of the trust. Schaake is both a cotrustee and one of several beneficiaries and bases his standing, at least in part, on those roles.

*Recognized Exceptions Do Not Apply*

Some courts recognize exceptions to the widely accepted rule that a pro se trustee has no right to represent a trust in a court of law. For example, some courts permit a trustee to act pro se where the trustee is the real party in interest or the sole beneficiary of the trust. See *Tradewinds Hotel, Inc. v. Cochran*, 8 Haw. App. 256, 799 P.2d 60 (1990) (trustees were the sole beneficiaries of trust); *Lee v. Catron*, 145 N.M. 573 (same); *Auge v. Stryker Corp.*, CV 14-1089 KG/SMV, 2019 WL 4918709, at *4 (D.N.M.  2019) (unpublished opinion) (citing *Olisa Foundation v. Purdue University*, 2014 WL 11512590, at *2 [D.N.M. 2014] and *Cram*, 1998 WL 919871, at *5-7 [recognizing but declining to apply exception to general rule because trustee was not sole beneficiary of trust]).

This exception has some logical appeal since our statutes require a trustee to act solely for the beneficiaries. Yet we need not decide whether to recognize this exception because Schaake does not argue any exception and the record shows that he is not the sole beneficiary of this trust. Schaake thus falls under the general rule we now adopt that a nonlawyer trustee may not represent a trust in a court of law because that would constitute engaging in the unauthorized practice of law.

III. SCHAAKE LACKS STANDING AS A BENEFICIARY TO PROSECUTE THIRD PARTIES.

Schaake's role as one of three beneficiaries raises a similar issue. Does Schaake have standing to sue the City or to appeal as a beneficiary of the trust?

We think not. As noted above, our trust statutes give the trustee, not the beneficiary, the specific power to "prosecute or defend an action, claim or judicial proceeding in any jurisdiction to protect trust property and the trustee in the performance of the trustee's duties." K.S.A. 2020 Supp. 58a-816(24).

And we have previously held a beneficiary lacks standing to sue a third party on behalf of a trust. *In re Estate of Mouchague*, 56 Kan. App. 2d 983, 989, 442 P.3d 125 (2019). There, we held that trust beneficiaries lacked standing to sue a third party even though they may have suffered a harm caused by the third party. The court reasoned that "[b]ecause a trustee is the appropriate party to sue third parties on behalf of trust beneficiaries, beneficiaries generally lack standing to maintain this cause of action." 56 Kan. App. 2d at 988. The panel's rationale was that the beneficiaries held only an equitable interest in the trust and thus, absent an exception, could not sue a third party for injuries to the trust res. 56 Kan. App. 2d at 989-92.

Finding that to be a sound rule, we apply it here. And although *Mouchague* recognized an equitable exception, permitting trust beneficiaries to maintain a proceeding related to the trust property if they show the trustee is improperly failing to protect their interests, *Schaake* has not asserted such an exception. See 56 Kan. App. 2d at 991-92. Instead, he is a co-trustee as well as a beneficiary.

Thus, to the extent Schaake may be acting as a beneficiary of the Trust, claiming illegal acts by a third party that harm trust property, he lacks standing.

IV.    SCHAAKE LACKS A PERSONAL STAKE IN THE MATTER.

Schaake also urges us to consider his personal stake in the outcome, asserting that he has standing at least to the extent that the district court's rulings affect him in his individual capacity.

But Schaake does not show that he has any personal stake in this case. He fails to show that he personally holds any of the rights and interests at issue. He does not allege, for example, that his name is on the property deed or that he personally owns the house, its adjacent lot, or any Trust property. So he shows no stake in this suit against the City other than his interest as a trustee or as a beneficiary. Because Schaake fails to show that he personally holds any of the rights and interests at issue in this case, he lacks standing to proceed individually.

*Conclusion*

Although Schaake is both a co-trustee and one of several beneficiaries of the Trust, he lacks standing in either role to appeal. As a nonlawyer trustee, he cannot represent the Trust without engaging in the unauthorized practice of law. And as a beneficiary, he lacks standing to sue the City and to appeal because the trustee is the only appropriate party to sue third parties on behalf of trust beneficiaries. And because Schaake fails to show that he personally holds any of the rights and interests at issue in this case, he lacks standing to proceed individually.

Appeal dismissed.

14