NOT DESIGNATED FOR PUBLICATION

No. 127,281

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DONALD DEAN SCHAAKE REVOCABLE TRUST,
*Plaintiff*, (JAMES KURT SCHAAKE),
*Appellant*,

v.

CITY OF LAWRENCE, KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; MARK A. SIMPSON, judge. Submitted without oral argument. Opinion filed January 10, 2025. Appeal dismissed.

*James Kurt Schaake*, appellant pro se.

*Tim Orrick*, of Orrick & Erskine, L.L.P., of Overland Park, for appellee.

Before ATCHESON, P.J., CLINE and PICKERING, JJ.

PER CURIAM:  As a nonlawyer and a trustee of the Donald Dean Schaake Revocable Trust, James Kurt Schaake has sought to represent the Trust in challenging the sufficiency of a condemnation award the Douglas County District Court entered for the Trust. We have held a trust to be a juridical person and, therefore, an entity that must be represented by a lawyer in court proceedings. *Schaake v. City of Lawrence*, 60 Kan. App. 2d 88, 98-99, 491 P.3d 1265 (2021). Because the Trust does not have appropriate legal representation, we follow the lead of the *Schaake* court and dismiss this appeal.

1

Given our resolution, we briefly outline the underlying circumstances for context. Schaake is one of two trustees of the Trust and apparently one of three beneficiaries. The Trust owns two adjacent tracts of land within Lawrence. The City acquired sidewalk and utility easements and a temporary construction easement on the property in a condemnation proceeding. The appraisers awarded $6,500 to the Trust as compensation for the easements. The Trust, then represented by a lawyer, filed a petition in the district court challenging the sufficiency of the award. The lawyer abruptly withdrew after being placed on inactive status. Schaake personally appeared at several district court hearings and said he was trying to hire a new lawyer. He didn't, and the district court dismissed the petition without prejudice for a failure to prosecute the claim. Schaake has sought to appeal the dismissal on behalf of the Trust.

We put aside the question of whether the dismissal without prejudice constitutes an appealable order to address a more immediate—and dispositive—issue: May the Trust proceed on appeal through a nonlawyer representative? Consistent with the carefully reasoned decision in *Schaake*, we conclude it cannot. And the appeal should be dismissed for that reason.

Coincidentally, this Trust and Schaake's attempt to represent the Trust in a tax assessment challenge furnished the factual basis for the decision in *Schaake*. The reasoning in that decision is equally applicable here, although we are concerned with a condemnation award rather than a tax assessment. One panel of this court is not automatically bound by a published decision from another panel. *State v. Fahnert*, 54 Kan. App. 2d 45, 55-56, 396 P.3d 723 (2017). But, as we have said, we find *Schaake* to be legally sound and apply its overall rationale and its conclusion here.

Under Kansas law, a trust is an entity that can sue and be sued in the name of a trustee. Similarly, corporations are legal entities capable of suing or being sued. Commonly, a trust may have more than one trustee and multiple beneficiaries, and they,

2

like corporate shareholders, are bound by the outcome of litigation affecting the trust. Accordingly, trusts and corporations must be represented by licensed lawyers. So a lone trustee lacking legal training cannot act for the trust (and its beneficiaries) in a legal battle. Conversely, as a broad policy matter generally and a constitutional right in criminal cases, we permit flesh-and-blood persons to represent themselves in judicial proceedings. See *Faretta v. California*, 422 U.S. 806, 818-19, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) (recognizing constitutional right of criminal defendant to self-representation). But, as we have regularly observed, those litigants without legal training often make a mess of the task. See *In re Marriage of Anderson*, No. 123,840, 2021 WL 6140405, at *2 (Kan. App. 2021) (unpublished opinion) ("This is yet another example of a self-represented party inadvertently undermining his or her own cause."); *Jackson v. Coleman*, No. 122,504, 2021 WL 4496121, at *1 (Kan. App. 2021) (unpublished opinion) ("We pause to again remark on the difficulties legal do-it-yourselfers face in navigating even comparatively uncomplicated civil matters to successful conclusions."); *State v. Torrence*, No. 120,077, 2020 WL 6930802, at *1 (Kan. App. 2020) (unpublished opinion) (self-represented litigants frequently "end up worse off for their industry and independence," as did defendant in that case).

If a trustee were the sole beneficiary of a trust, policy considerations might lean toward allowing him or her to represent the trust. But we do not have that circumstance here, and we do not suggest how that issue should be resolved. See *Schaake*, 60 Kan. App. 2d at 97 (noting some jurisdictions permit nonlawyer trustee who is sole beneficiary to represent trust but declining to delve into issue).

As a nonlawyer, Schaake cannot represent the Trust in this appeal. Because the Trust is not otherwise represented by a lawyer, we are obligated to dismiss the appeal. See *Schaake*, 60 Kan. App. 2d at 89.

Appeal dismissed.