NOT DESIGNATED FOR PUBLICATION

No. 128,347

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the EUGENE PARKS WISE Trust.

MEMORANDUM OPINION

Appeal from Johnson District Court; ROBERT J. WONNELL, judge. Oral argument held November 18, 2025. Opinion filed January 2, 2026. Affirmed.

*Michael R. Ong*, of Ong Law Firm, P.A., of Overland Park, for appellants.

*Curtis L. Tideman*, of Lathrop GPM LLP, of Kansas City, Missouri, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and BOLTON FLEMING, JJ.

PER CURIAM: Monique Knamiller appeals the dismissal of her petition seeking declaratory relief regarding the administration and distribution of the Eugene Parks Wise Trust, naming only one respondent: the Salvation Army of Kansas, a co-beneficiary of the trust. Although Knamiller raises several issues on appeal, she does not address the crux of the district court's ruling—the dismissal of the case for the petition's failure to state a claim for which relief can be granted against the Salvation Army. For the reasons explained below, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Eugene and Donna Wise were married in 1978. Although they had no children together, Donna had two daughters—Monique Knamiller and Cynthia Stevens. Four years before the marriage, Eugene had created a trust, which provided that all of his

1

assets at the time of his death should be divided into 10 equal shares and distributed to his heirs as designated in his will. Eugene and Donna were divorced in 1988.

Eugene died on September 4, 1999, and his will was later admitted to probate. Nearly two years later, the Johnson County District Court entered its "Journal Entry of Final Settlement" of Eugene's estate. The journal entry determined that Eugene had "no spouse, children, issue of deceased children or other heirs" who survived him and listed Knamiller as his adult stepdaughter. Donna was awarded bequests totaling $300,000, and was appointed as co-trustee of Eugene's trust, and was further given the right to rent Eugene's home in Leawood for $1 per month for the remainder of her life. Knamiller and her sister were awarded Eugene's coin and stamp collection, and Knamiller's daughter was awarded the income from a certificate of deposit Eugene had purchased for her. Finally, the journal entry noted that Eugene's will provided that the Salvation Army was the residuary beneficiary of Eugene's trust following Donna's death. It does not appear that the final settlement of Eugene's estate was ever modified or appealed.

Donna died on March 10, 2023. Knamiller was appointed the executor of her estate. In August 2023, Knamiller filed a "Petition for Appointment of Trustee and Determination of Trust Administration Matters," on behalf of Donna's estate and in her individual capacity. Although Knamiller was not a beneficiary of Eugene's estate, her petition speculated that she could be Eugene's heir. The only respondent named in her petition was the Salvation Army; neither Eugene's Trust nor its trustee were named in the petition. That said, as a result of Donna's death, at the time Knamiller filed her petition, the role of trustee of Eugene's trust was vacant.

Knamiller's petition included five counts, seeking: (1) the appointment of a successor trustee for Eugene's trust; (2) an order directing the successor trustee to pay Donna's estate for improvements made to real property of the trust and other unpaid disbursements for Donna's service as trustee; (3) a determination that Knamiller was

2

Eugene's heir and therefore a beneficiary of his trust; (4) an order approving Donna's trust accounting and discharging her mother, Donna, as trustee of Eugene's trust; and (5) an order assessing costs and reasonable attorney fees for administration of Eugene's estate pursuant to K.S.A. 58a-1004. Beyond being the sole respondent, the petition's only mention of the Salvation Army was a request for the court to make a "determination . . . as to the relative rights in remainder interest in the Eugene Parks Wise Trust as between Petitioner Monique M. Knamiller and respondent Salvation Army."

Within three weeks of Knamiller filing the petition, upon the parties' agreement, the district court entered a stipulated order appointing Michael Martin as the trustee of Eugene's trust. Knamiller suggested Martin as a suitable successor trustee in her petition.

On September 20, 2023, the Salvation Army moved to dismiss Knamiller's petition for failure to state a claim upon which relief can be granted. The Salvation Army argued: (1) Knamiller lacked standing—in her individual capacity—to challenge the administration of Eugene's trust because she was not a beneficiary; (2) Knamiller pled no viable basis for a collateral challenge to the settlement of Eugene's estate regarding whether newly discovered evidence showed that she was Eugene's heir; and (3) any claim for trust funds made by Donna's estate was not permitted under the plain language of the trust. In short, the Salvation Army contended that Knamiller's claims were "all barred by the Final Entry of Final Settlement" of Eugene's estate and the claims raised on behalf of Donna's estate were "barred by the language of [Eugene's] Trust."

Knamiller filed two responses to the Salvation Army's motion. The first response, filed on September 27, 2023, maintained that the petition was necessary to ensure the proper administration and distribution of Eugene's trust. In her second response, filed on January 31, 2024, Knamiller explained that she had recently discovered Donna and Eugene's divorce decree which was "relevant to the issue of [her] assertion that she has

standing as the putative daughter of Eugene P. Wise to assert her inheritance rights as a beneficiary of the Eugene Parks Wise Trust."

The district court held a hearing on the Salvation Army's motion on February 9, 2024. The Salvation Army pointed out that when Eugene's estate was probated, it was determined that he had no heirs—that is, Knamiller was not a real party in interest in the case. Turning to the claims raised on behalf of Donna's estate, the Salvation Army argued that "the trust itself is not a party to this case" and argued there were "no set of facts or allegations" under which it could be liable—that is, that the claims were against the trust, not the Salvation Army, a mere co-beneficiary. Knamiller's counsel responded that

> "it occurs to me that the trustee of the trust is a necessary and indispensable party to this case. And I think maybe both counsel for Salvation Army and, frankly, myself had overlooked that, . . . . I think the current trustee is a necessary party in its fiduciary duty to examine the counts and any discharge."

The district court asked whether Knamiller had stated in her response to the Salvation Army's motion to dismiss that the trustee was an indispensable party or tried to join the trustee to the suit. Knamiller's counsel conceded that "the current trustee is a necessary party in its fiduciary duty to examine the counts and any discharge." But he explained that he had not tried to join the trust or its trustee as defendants to the petition, and he did not move the court to do so during the hearing on the motion to dismiss.

After listening to the parties' arguments, the district judge stated that he was granting the Salvation Army's motion to dismiss, explaining, "I can only enter a dismissal if the petition clearly demonstrates that the plaintiff does not have a claim against the defendant. In this case, the petition clearly demonstrates that the plaintiff does not have a cause of action against the Salvation Army." The district judge then addressed Knamiller's comments about the necessity to join the trust as a party:

"Now, today for the first time the plaintiff has argued, well, maybe we need to have the trust here under [K.S.A.] 60-219. The timing of that argument is significant. . . . The request at the eleventh hour, or just before a dismissal is entered, it's not the appropriate time so we don't really have to get into that 60-219. I'm denying that request as not timely. But I will note for the record that I think [the Salvation Army's] analysis is correct that while the Salvation Army may have been an indispensable party in an action against the trust, this is a petition requesting trust relief against a co-beneficiary. So as a matter of law it fails and I'll dismiss it."

The Salvation Army's counsel asked the district court for clarification of the exact grounds for the dismissal, and the district judge clarified, "I am dismissing the petition for failure to state a legal claim against the Salvation Army. That's my ruling."

On August 26, 2024, the district court entered its order dismissing Knamiller's petition for failure to state a claim. The order found that "[t]he Petition, which has been on file since August 11, 2023, states no cause of action against the Salvation Army." The order noted there were several reasons to question whether Knamiller had properly pled her status as a co-beneficiary of the trust, but it then stated: "Ultimately, however, *it is not necessary to reach these issues* because, even if she were a co-beneficiary, *none of Monique Knamiller's allegations constitute a claim against the Salvation Army* which is the only Defendant in this case." (Emphases added.) The order stated: "At oral argument, Plaintiff's counsel suggested that the Eugene Parks Wise Trust might be a necessary party to the case. *Plaintiff's counsel did not, however, make a motion to add the Trust as a Defendant*." (Emphasis added.) The order concluded that the matter was dismissed with prejudice against Knamiller "for failure to state a claim," with costs assessed against the plaintiff. Knamiller timely appealed the district court's judgment.

5

ANALYSIS

On appeal, Knamiller raises five claims: (1) The district court erred by finding that it lacked subject matter jurisdiction to make declaratory rulings on the rights of the beneficiaries of Eugene's trust; (2) the district court abused its discretion by not joining the trustee of Eugene's trust as a necessary party under K.S.A. 2024 Supp. 60-219(a)(1); (3) the district court erred by not joining the trustee under the mandatory joinder provisions of K.S.A. 2024 Supp. 60-219(a)(2); (4) the district court erred by *implicitly* finding her claims were barred because the final settlement of Eugene's estate was a void judgment; and (5) the district court erred by not recognizing that she had standing, individually, because she *may* be Eugene's heir.

After pointing out that Knamiller's brief ignores the actual basis of the district court's ruling, the Salvation Army maintains that the district court correctly dismissed the petition because Knamiller and Donna's estate did not state any claims for which relief could be granted against it. The Salvation Army then addresses Knamiller's other arguments and contends that she is not entitled to relief on any of them.

Knamiller acknowledges that the basis for the district court's dismissal of her petition was the fact that the petition did not seek any relief from the sole named respondent, the Salvation Army—i.e., her failure to state a claim for which relief could be granted. But she does not independently address why the district court's dismissal of her petition was incorrect. For that matter, Knamiller makes no argument in her brief that the district court erred by dismissing the petition against the Salvation Army with prejudice instead of without prejudice. Knamiller has chosen to brief all the issues she raised in her petition in district court while overlooking the one reason the district court dismissed the petition—its failure to state a claim against the Salvation Army.

6

*Did the district court err in dismissing Knamiller's petition for failure to state a claim?*

As indicated above, Knamiller does not directly address why the district court's decision to grant the motion to dismiss was erroneous but raises various peripheral arguments about the proceedings. It appears that Knamiller's position on the dismissal is that the district court misinterpreted her petition when it dismissed it for failure to state a claim: "What neither the Salvation Army nor the [district court] considered was that the relief sought . . . was *not against* the Salvation Army but *relative to* the Salvation Army." In other words, she concedes that she did not plead any specific claims for relief against the Salvation Army. The Salvation Army contends the district court properly dismissed the petition for failure to state a claim because it included no claims against the Salvation Army and the facts alleged would not support any claim for relief against it.

A petition may be dismissed if it "fail[s] to state a claim upon which relief can be granted." K.S.A. 2024 Supp. 60-212(b)(6). When a defendant requests dismissal under K.S.A. 60-212(b)(6), the district court "'must resolve every factual dispute in the plaintiff's favor.'" *Kudlacik v. Johnny's Shawnee, Inc.*, 309 Kan. 788, 790, 440 P.3d 576 (2019). The district court must assume all the factual allegations in the petition—along with any reasonable inferences from those allegations—are true. The district court then determines whether the plaintiff has stated a claim "based on [the] plaintiff's theory or any other possible theory." See *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013). Dismissal is appropriate only when the well-pleaded facts and inferences therefrom fail to support "'*any* claim upon which relief can be granted.'" *Kudlacik*, 309 Kan. at 790.

Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law over which an appellate court has unlimited review. *Cohen*, 296 Kan. at 545. We apply the same standards as the district court—accepting the facts alleged by the plaintiff as true, along with any inferences that can reasonably be drawn

7

therefrom and deciding whether those facts and inferences support *any* claims for relief. *Jayhawk Racing Properties v. City of Topeka*, 313 Kan. 149, 154, 484 P.3d 250 (2021).

In dismissing Knamiller's petition, the district court explained that the only defendant in the case was the Salvation Army, that the petition did not state any claim against the Salvation Army, and that the Salvation Army—as a co-beneficiary of Eugene's trust—owed no legal duty to another co-beneficiary. In other words, the court concluded that Knamiller's petition did not state any claim against the Salvation Army and the facts alleged would not support any claim against the Salvation Army.

Knamiller does not quibble with the district court's assessment that the petition did not allege any claims against the Salvation Army. Instead, she asserts the petition merely sought declaratory relief regarding the administration of Eugene's trust under K.S.A. 58a-201(c)—primarily, a declaration of the rights of the co-beneficiaries relative to each other and disbursement of trust funds to Donna's estate. Though Knamiller cites the statutory authority for a district court to intervene in the administration of a trust, she provides no authority that such relief can be sought from a co-beneficiary rather than the trustee.

Under the Kansas Uniform Trust Code (KUTC), K.S.A. 58a-101 et seq., a trustee is the proper party to sue or defend actions affecting the trust. See K.S.A. 58a-801 (defining duties and powers of the trustee). K.S.A. 58a-816(24) grants trustees the authority to "prosecute or defend an action, claim or judicial proceeding in any jurisdiction to protect trust property and the trustee in the performance of the trustee's duties." This aligns with the general rule established in Kansas caselaw that trustees, rather than beneficiaries, are the appropriate parties to sue or defend actions affecting the trust. See *Schaake v. City of Lawrence*, 60 Kan. App. 2d 88, 94, 491 P.3d 1265 (2021) ("[K.S.A. 58a-816(24)] establishes that the trustee is the proper person to sue or be sued on behalf of the trust.").

8

Knamiller's petition explicitly noted that the Salvation Army was merely a beneficiary of Eugene's trust and raised no allegation that it had any administrative authority under the trust's terms. The trust document, which was attached to Knamiller's petition, does not grant any such authority to the Salvation Army. As the district court found in its order granting the motion to dismiss, the Salvation Army is a mere beneficiary of the trust and Knamiller identified "no legal authority for the proposition that the Salvation Army would owe any legal obligation to [another beneficiary]" and included no facts that "constitute a claim against the Salvation Army."

Even when accepting the facts alleged in the petition as true, along with all inferences that can reasonably be drawn therefrom, Knamiller did not state any claims for relief against the Salvation Army. Ultimately, it appears that Knamiller and Donna's estate intended to seek declaratory rulings regarding Eugene's trust, but their petition did not include the trust or its trustee as defendants. Because the district court could make no such rulings against the Salvation Army, which was merely a co-beneficiary with no administrative powers over Eugene's trust, we conclude the district court did not err by dismissing the petition for failure to state a claim against the Salvation Army.

*Did the district court err by failing to join the trustee as a defendant?*

Knamiller also argues the district court erred by not joining the trustee of Eugene's trust to the lawsuit under two provisions of the joinder statute. First, she contends that the district court abused its discretion by not joining the trustee of Eugene's trust as a necessary party under K.S.A. 2024 Supp. 60-219(a)(1). Next, she contends the district court erred by not joining the trustee under the mandatory joinder provisions of K.S.A. 2024 Supp. 60-219(a)(2). As mentioned earlier, the district court entered a stipulated order appointing Michael Martin as the successor trustee of Eugene's trust within three weeks of Knamiller filing her petition in August 2023. Thus, a trustee was in place for about six months before the hearing on the Salvation Army's motion to dismiss.

The parties agree that an appellate court reviews the denial of a motion to join a necessary party under K.S.A. 2024 Supp. 60-219(a) for an abuse of discretion. *Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, Syl. ¶ 1, 216 P.3d 158 (2009). But the parties disagree about whether Knamiller ever made such a motion and whether the district court actually ruled on the matter. Under Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36), to be preserved for this court's consideration, an issue must be raised and ruled on in the district court. To satisfy the prudential preservation rule, a party must either provide a "pinpoint reference to the location in the record on appeal" where the issue was raised and ruled on or "[i]f the issue was not raised below, there must be an explanation why the issue is properly before the court." Kansas Supreme Court Rule 6.02(a)(5); *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). And a party who ignores Rule 6.02(a)(5) risks a ruling that the issue is improperly briefed, and the issue being considered waived or abandoned on appeal. 301 Kan. at 1043.

At the hearing on the motion to dismiss, the Salvation Army pointed out that despite the district court's appointment of a successor trustee, neither the trust nor the trustee had been named as a party to the case. In response to this concern, Knamiller's counsel stated that it had occurred to him that the trustee was a necessary party, but he conceded that he had not tried to join the trust or its trustee as defendants to the petition.

At the conclusion of the hearing, the district court addressed the subject and noted that Knamiller had never moved to join the trustee as a defendant to the action under K.S.A. 2024 Supp. 60-219 and had never mentioned the subject until the hearing on the motion to dismiss. The district court added that even if Knamiller was making the request at the hearing, the "request at the eleventh hour, or just before a dismissal is entered, it's not the appropriate time so we don't really have to get into that." In the written journal entry dismissing the petition, the district court stated:  "At oral argument, Plaintiff's counsel suggested that the Eugene Parks Wise Trust might be a necessary party to this case. Plaintiff's counsel did not, however, make a motion to add the Trust as a

10

Defendant." The journal entry of judgment included no ruling that a request to add the trustee as a necessary party under K.S.A. 2024 Supp. 60-219 was denied as untimely.

On appeal, Knamiller insists that the transcript of the hearing shows that the district court denied a request to join the trustee under K.S.A. 2024 Supp. 60-219 as untimely. She appears to argue that although she never moved to name the trustee as a necessary party, the district court should have sua sponte named the trustee as a party under the statute's language. But the district court's primary finding at the hearing was that Knamiller had never moved to name the trust or the trustee as a party to the action. The district court added that had Knamiller's counsel made the request at the hearing it would have been untimely, but that alternate finding was not included in the journal entry of final judgment. In civil cases, a district court's journal entry controls over its oral rulings if there is a conflict between the two. See *Valadez v. Emmis Communications*, 290 Kan. 472, 482, 229 P.3d 389 (2010) ("A journal entry containing findings of fact and conclusions of law takes precedence over and may differ from the trial court's oral pronouncement from the bench."); *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 10, 287 P.3d 287 (2012) ("[A] district court's journal entry of judgment in a civil case controls over its prior oral statements from the bench.").

The journal entry of judgment included no ruling denying a request to join the trust or the trustee as a defendant under K.S.A. 2024 Supp. 60-219. Under Supreme Court Rule 6.02(a)(5), to be preserved for this court's consideration, an issue must be raised and ruled on in the district court, or the appellant must explain why the issue is properly before the court. Knamiller has failed to do so. This preservation rule should be strictly enforced by the appellate courts. *Godfrey*, 301 Kan. at 1043. Knamiller is raising an issue that was not the basis of the district court's ruling when it granted the Salvation Army's motion to dismiss, and we decline to address the unpreserved issue on appeal.

Affirmed.